### JOSEPH BOXELL v. ROBERT ROBINSON.[1]

December 17, 1900.

Nos. 12,372—(213).

### Intervention—Waiver of Objection.

In this action, which is one to recover for the alleged conversion of certain personal property, a third person appeared and served a complaint in intervention, claiming therein the ownership of the property, and joining defendant in resisting plaintiff's claim. After so appearing and serving such complaint, the intervenor was permitted to participate in the trial of the action, and no objection to her complaint or to her right to intervene was made by plaintiff for some six months, and not until a new trial had been granted, and the cause came on for its second trial. *Held*, that plaintiff waived all objections to the intervention.

### Conversion—Demand and Refusal.

Where it appears in an action in conversion that the original taking of the property charged to have been converted was with plaintiff's consent, and therefore rightful, no recovery can be had unless it further appears that defendant was guilty of a subsequent tortious act, amounting to a conversion. If a demand for the return of the property and a refusal thereof by defendant be shown, defendant being in position to comply therewith, he is liable, even though the original taking was

[1] Reported in 84 N. W. 635.

rightful. Instructions to the jury in this case at variance with this rule *held* error.

Action before a justice of the peace to recover $95 damages for conversion. From a judgment in favor of plaintiff, defendant appealed to the district court for Wright county. Lizzie M. Boxell intervened as claimant of the property involved. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of defendant and of intervenor. From a judgment entered in favor of defendant and of intervenor for $93.30, plaintiff appealed. Reversed.

*W. H. Cutting* and *F. E. Latham,* for appellant.

*J. J. Woolley* and *J. H. Wendell,* for respondents.

BROWN, J.

This action was brought in justice court to recover the value of certain personal property alleged to have been wrongfully converted by the defendant. Judgment was there given for plaintiff, and defendant appealed to the district court upon questions of law and fact. It came on for trial in that court at the December, 1899, general term, and resulted in a verdict for plaintiff, which was subsequently set aside and a new trial granted. Before the cause was called for trial at said term of court, Lizzie M. Boxell, wife of plaintiff, appeared and served a complaint in intervention, claiming therein to be the owner of the property in question, and joining with defendant in resisting plaintiff's claim. Counsel for plaintiff made no objection to the complaint, nor to complainant's right to intervene, and she appeared by counsel and took part in the trial. After the trial plaintiff served a reply or answer to her complaint, and at no time did he object to the intervention until the cause was called for trial at a subsequent term of court. At that time, and when the cause came on for trial, plaintiff objected to the complaint in intervention, and moved to strike it from the files, on the ground that complainant was not entitled to intervene. The motion was denied, and the cause proceeded to its second trial, and resulted in favor of defendant and intervenor. Plaintiff appeals from an order denying a new trial. It is necessary to consider only one or two of the assignments of error.

1. The court below properly denied plaintiff's motion to strike the complaint in intervention from the files. Whether intervenor had a strict legal right to intervene in the action or not, she was permitted to do so without objection, and the motion came too late. Williams v. Pomeroy, 27 Minn. 85, 6 N. W. 445.

2. The action is one to recover the value of certain personal property, alleged in the complaint to be the property of plaintiff, and to have been wrongfully taken and converted by the defendant. The complaint also alleged a demand for the return of the property, and a refusal thereof by defendant. The answer admits the taking of the property, but alleges in defense that it belongs to the intervenor, and that defendant took it at her instance and request, and delivered it over to her. The complaint in intervention alleges that the property belongs to the intervenor. The defendant is intervenor's father; the plaintiff her husband, but she is living separate and apart from him, and the property in question consists of certain household furniture. During the trial intervenor and defendant introduced some evidence tending to show that plaintiff gave intervenor permission to take the property, and it was contended by them that it was in fact taken under such permission. The real issue raised by the pleadings is the ownership of the property. Neither the answer nor the complaint in intervention justifies the taking thereof on the ground of plaintiff's consent, and it may be doubted whether the evidence was strictly admissible. But it was not objected to, and the issue raised thereby, namely, whether the original taking of the property was wrongful and unlawful, as alleged in the complaint, was properly submitted to the jury.

The court charged the jury as follows:

"Now, then, if you find from the evidence that this claim of the intervenor is correct,—that it is true that the plaintiff did tell her that she might remove this property to the house of her father,— then the plaintiff cannot recover in this action; for an action in conversion cannot be maintained where the taking was authorized by the plaintiff."

Plaintiff excepted to this instruction, and coupled with it a request to charge the jury that if the authority had been withdrawn, and a demand made for the return of the property, and defendant

refused to redeliver it, he would be liable. As applied to the intervenor, the instruction complained of was undoubtedly correct; for there is no evidence that any demand for the return of the goods was ever made upon her. At least, the record contains no evidence of any such demand, and we do not understand counsel for plaintiff to claim that one was in fact made. But as applied to defendant Robinson the instruction was clearly wrong. The evidence is not all returned to this court; but assuming that it was sufficient to take the case to the jury on the question whether defendant was a wrongdoer in the matter of taking or in detaining the property, either by himself alone, or jointly with intervenor, and that it would have justified a finding that plaintiff in fact owned the property, whether the original taking was with plaintiff's consent or not, if he subsequently demanded of defendant the return thereof, and defendant having the ability to do so, failed and neglected to return it, he would certainly be liable for its conversion.

It is not disputed but that a demand was made upon defendant, Robinson. Of course, if the property belongs to the intervenor, the question of demand is immaterial; plaintiff cannot recover. But if plaintiff owns it, and defendant had it in his possession or under his control at the time of the demand for its return, he is clearly liable for its conversion, even though, for the want of a demand upon her, plaintiff cannot recover against the intervenor. If the intervenor has the exclusive possession and control of the property, and defendant acted merely as her agent in taking it, and without any wrongful or unlawful intent to deprive plaintiff thereof, no recovery can be had against him. The court submitted all these questions of fact to the jury,—fairly so,—and, as they are presented by the pleadings, we must assume, in disposing of this exception to the charge, that the evidence was such as to warrant and call for such submission. We are not able to say (could not even if all the evidence was before us) whether the general verdict for defendant and intervenor was based by the jury upon the claim that plaintiff, being the owner of the property, consented to the taking thereof, as claimed by intervenor, or whether upon the claim that inter-

venor in fact owned the property; and we cannot, therefore, say that the error in the charge was without prejudice.

Judgment reversed.