# JAMES A. LUCAS AND THOMAS S. INGENHUTT, CO-PART-NERS DOING BUSINESS AS LUCAS & INGENHUTT v. FRANK CASE.[1]

September 16, 1921.

No. 22,305.

**Action for purchase price — counterclaim sustained by evidence.**

1. In an action by a purchaser to recover an alleged overpayment on a sale of ice, defendant counterclaimed, alleging loss of ice through fault of plaintiffs. The evidence sustains a verdict for defendant on this counterclaim.

**New trial — newly discovered evidence.**

2. The showing as to newly discovered evidence is not sufficient to warrant a new trial.

**Trover and conversion — when demand is necessary.**

3. The evidence is not sufficient to sustain a verdict on a counterclaim for conversion of certain ice tools. Plaintiffs came by the tools rightfully. There was no demand for their return. This was essential to establish conversion.

**Verdict sustained by evidence.**

4. The evidence sustains a verdict that plaintiffs did not leave the ice house in the condition it was in when they took possession in that a platform and certain lumber had been removed.

Action in the municipal court of Minneapolis to recover $557 overpayment upon a contract. Defendant counterclaimed as stated in the first paragraph of the opinion. The case was tried before Montgomery, J., and a jury which returned a verdict for $400.56 in favor of defendant. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Stevens & Stevens,* for appellants.

*Youngdahl & Halls,* for respondent.

[1]Reported in 184 N. W. 837.

HALLAM, J.

1. In April, 1917, defendant sold to plaintiffs the ice in a certain ice house. It was estimated that there were 1,400 tons of ice. The price fixed was $2.50 per ton. One thousand dollars was paid down and plaintiffs agreed to pay instalments of $2.50 per ton as the first 400 tons were removed and $1.50 per ton thereafter. Plaintiffs removed 843 tons, and, having made payments as provided by the contract, claimed an overpayment, and sued to recover the amount alleged to have been overpaid. Defendant counterclaimed, claiming that much of the ice was lost by the negligence of plaintiffs, claiming conversion of certain tools and the negligent loss of a loading platform and certain lumber. The jury found a verdict for defendant on his counterclaim in the sum of $400.56. Plaintiffs appeal.

We are of the opinion that there is evidence sufficient to sustain the verdict as to the negligent loss of ice.

2. Plaintiffs ask a new trial on the ground of newly discovered evidence bearing on this question. The alleged newly discovered evidence is largely cumulative and there is not sufficient showing that it could not have been procured on the trial.

One item of alleged newly discovered evidence is not cumulative. It is to the effect that defendant himself took a large quantity of ice from the ice house after the sale. Defendant in an affidavit denies this. He admits receiving a small quantity of ice after the sale, but avers that he paid for it. This is not denied. The showing on this point is not sufficient to warrant a new trial.

3. We are of the opinion that the evidence as to conversion of tools is not sufficient. The tools had been used by defendant in his ice business. He loaned them to plaintiffs for use in removal of the ice and testified he told plaintiffs to return them when they were through with them. With the last load of ice, the tools were taken to plaintiffs' premises. Defendant was present and assisted in the loading and removal of this load of ice. No demand was made for the tools and apparently nothing was said about them. Nor was demand made at any time. Plaintiffs exercised no dominion over them. Since plaintiffs came by

them rightfully, this want of a demand is fatal to an action for conversion. Boxell v. Robinson, 82 Minn. 26, 84 N. W. 635.

Defendant cites authority to the effect that proof of an agreement to return and failure to return according to agreement, constitutes conversion. 38 Cyc. 2032; Durell v. Mosher, 8 Johns. (N. Y.) 445; Lay's Exr. v. Lawson's Admr. 23 Ala. 377. Whether this constitutes conversion has not been decided in this state. Under some circumstances perhaps it may. We find no authority that would sustain conversion under the facts in this case. When the tools were loaned there was a mere request to plaintiffs to return them when they were through using them, with no suggestion as to when or where return was to be made. When we take this fact in connection with the apparent assent of defendant to the taking of the tools to plaintiffs' premises, it seems clear that the proof fails to bring the case within the rule of the authorities cited by plaintiffs. The evidence is that the tools were worth $75 to $100. The answer alleged their value to be $70.75 and the court limited recovery on this counterclaim to that amount.

4. The evidence is sufficient to sustain liability for the value of the platform and lumber. Plaintiffs agreed in their contract to leave the ice house "in the same condition that it now is in and to remove none of the fixtures connected therewith." The lumber in question was used for boarding doors and openings and both platform and lumber were essentially part of the ice house. Defendant's evidence is that, when plaintiffs left the ice house, the platform and lumber were gone. Some question is raised as to the pleading of this counterclaim. We think the pleading sufficient to permit the proof that was made of breach of contract.

A new trial will be granted unless within ten days of the going down of the remittitur, defendant consents to the reduction of the verdict by $70.75.

Order modified.