## J. G. DONNELLY *vs.* MARY O'CONNOR & another

### December 1, 1875.

**Garnishment—Denial of Indebtedness where Facts Disclosed show a Debt.—** In garnishee proceedings, although the garnishee deny any indebtedness, if the facts which he discloses clearly show that he owes the defendant a debt which is subject to the garnishee proceedings, judgment should go against him.

**Same—Claimant must Show his Interest in the Debt Garnished.—**A claimant in such proceedings, claiming under an endorsement on a policy of insurance making it payable to him to the extent of his interest—the character and extent of such interest not appearing—must, to protect his claim to the debt, prove what his interest is.

**Same—Judgment on Appeal where Claimant has Failed to Show his Interest.—** Where the court in which the garnishee proceeding is instituted gives to a claimant full opportunity to establish his claim, and he omits to do so, and the court thereupon renders judgment upon the disclosure of the garnishee, discharging the garnishee, upon an appeal by the plaintiff, upon questions of law alone, the appellate court may, upon reversing the judgment of the court below, render judgment on the disclosure against the garnishee.

Appeal by defendant, garnishee, and claimant from a judgment of the court of common pleas of Ramsey county, *Brill*, J., presiding.

*Davis, O'Brien & Wilson*, for appellants.

*O'Brien & Eller*, for respondent.

GILFILLAN, C. J. This action was commenced in a justice's court, and proceedings instituted in it against the Phœnix Insurance Company as garnishee, and, after a disclosure, J. C. McCarthy was, on his own application, admitted as a claimant and party to the garnishee proceedings. From the judgment of the justice's court discharging the garnishee the plaintiff appealed, on questions of law alone, to the court of common pleas of Ramsey county, where the judgment of the justice's court was reversed, and, on the disclosure made in the justice's court, judgment was rendered in favor of the plaintiff and against the garnishee. From this judgment the defendant, the garnishee, and the claimant appealed to this court.

Objections are taken here to the affidavit and summons upon which the garnishee proceedings were instituted; but as those objections were not raised in the justice's court, the parties must be held to have waived them.

The disclosure was made by an agent of the garnishee, who at first testified that the garnishee was not indebted to the defendant, but then went on and testified to facts which, beyond any question, showed such indebtedness. The facts in such cases, and not the conclusions of the garnishee, must govern.

The indebtedness grew out of a policy of insurance upon household furniture, wearing apparel, sewing machine and provisions, which had been destroyed by fire. The appellants claim that as the property was exempt, the money due upon the policy insuring it is also exempt; but the facts do not show that the property was exempt.

The disclosure made it appear that there was an endorsement on the policy, making it payable to McCarthy to the extent of his interest. Neither the character nor extent of such interest was proved, nor was it proved that at the time of serving the garnishee summons he had any interest. This was for him, and not for plaintiff, to show.

The disclosure was had on January 14, and when it was closed the garnishee moved that it be discharged. This was denied, after which McCarthy was, on his own application, admitted as a claimant. At his request the matter was continued to January 16, to allow him to prove his right, title and interest in the debt. At the time to which the matter was continued, the parties, including the claimant, appeared, and he did not offer any proof, whereupon the garnishee renewed its motion to be discharged, and the motion was granted.

The claimant insists here that the common pleas court, if it reversed the judgment of the justice's court, ought, instead of rendering judgment against the garnishee, to have remitted the case to the latter court, to allow the

claimant to make proof of his right. This proposition would have been correct if the justice's court had rendered its judgment on the garnishee's disclosure without giving opportunity to the claimant to prove his claim. A claimant must have the same opportunity to protect his interest as is accorded to any party to an action. If, however, when the opportunity is given him, he elects not to offer any proof, but to rest his case upon the disclosure of the garnishee, he must be bound by the decision upon that disclosure. In this case the motion upon which the justice's court rendered its judgment was not made until the claimant had been allowed full opportunity to prove his claim, and had omitted to avail himself of it. He must be held to have elected to rest his case upon the disclosure.

Judgment affirmed.