JAMES M. WILLIAMS *vs.* J. L. POMEROY, Claimant.

August 4, 1880.

Garnishment—Claimant.—Where, in garnishee proceedings, a claimant appears, and is treated by the court and parties as a party to the end of the proceedings, it is then too late to object that no formal order making him a party was entered.

Same — Motion for Judgment. — To deny a motion for judgment in garnishee proceedings, made by the plaintiff before the disclosure is closed, is not error.

Same—Assignment of Debt Garnished.—If in such proceedings a debt disclosed has been in fact assigned by the defendant to a third party before service of the garnishee summons, and that fact appears, it cannot be appropriated to payment of the plaintiff's debt, even though the garnishee defendant have no notice of the assignment.

Appeal by plaintiff from an order of the municipal court of Minneapolis, denying a motion for judgment against the Minneapolis & St. Louis Railway Co., garnishee of C. B. Russell, and ordering the discharge of the garnishee, on the ground that, prior to the service of the garnishee summons, the debt garnished had been assigned to Pomeroy, the claimant.

*Chas. F. Sawyer*, for appellant.

*Atwater & Atwater*, for garnishee.

*E. J. Davenport*, for claimant.

GILFILLAN, C. J. In an action against C. B. Russell, this plaintiff garnished the railroad company, and on the disclosure it appeared that the company owed for one month's services of defendant, and enough was disclosed to suggest, though not to prove, that the debt had been assigned to Pom-

eroy, whereupon the court denied a motion of plaintiff for judgment, and then, on plaintiff's motion, adjourned the future hearing to give an opportunity to plaintiff to give Pomeroy notice to appear and be joined as a party. At the adjourned day Pomeroy appeared, set forth his claim to the debt by affidavit, and asked to be made a party and to assert his claim. No formal order was made admitting him, as there ought to have been, but the court and the parties proceeded as though he had been properly admitted. He was permitted, without objection, to assert his claim by evidence, and the plaintiff treated him as a party, by inserting his name in the title in the subsequent proceedings. It is too late now to object that there was no order admitting him.

No error appears in the denial of plaintiff's motion for judgment, for it does not appear from the case that when it was made the disclosure was closed.

The court below finds as a fact, and the evidence sustains the finding, that prior to the service of the garnishee summons, the debt from the railroad company to the defendant had been assigned by the defendant to Pomeroy. That being so, of course the plaintiff could not reach it by the garnishee proceedings; for if, in fact, the debt then belonged to some one else than the defendant, and that fact appeared from the disclosure, it could not be appropriated to payment of plaintiff's claim, whether the garnishee had notice of the assignment or not.

Order affirmed.