CORNISH & TIBBETS V. JAMES D. RUSSELL.

[FILED JULY 1, 1891.]

Garnishment: PROPERTY ASSIGNED BY GARNISHEES. . In an action under section 225 of the Code against garnishees who had denied any indebtedness to the judgment debtor, and the facts relied upon by them for a defense clearly showed that they had money of the debtor accredited to them in their bank account, subject to garnishment, though assigned to avoid that remedy, and the claimants appeared and testified for the defense, with judgment for the plaintiff, *held*, no error, and the judgment below affirmed.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Cornish & Tibbets, pro se,* cited: Drake, Attachments, secs. 445, 522, 524–30; Waples, Pro. in Rem., sec. 598; Cooley's Const. Lim. [5th Ed.], 497, 498; Wade, Attachments, 315, 316, 338, 434, 439, 456; *Sec. Loan Assn. v. Weems,* 69 Ala., 584; *Noble v. Thompson Oil Co.,* 79 Pa. St., 354; *Edwards v. Levingshon,* 80 Ala., 447; *Coit*

*v. Havan,* 79 Am. Dec., 244; *Levy v. Miller,* 38 N. W.
Rep. [Minn.], 700; Pomeroy, Rem., secs. 348–9; *Hamilton
v. Ross,* 23 Neb., 630; *Turner v. Killian,* 12 Id., 580;
Ewell's Evans, Agency, 316, 318.

*S. P. Davidson* and *D. F. Osgood, contra,* cited: *Reed v.
Fletcher,* 24 Neb., 435; *Williams v. Pomeroy,* 27 Minn.,
85; *Donnelly v. O'Connor,* 22 Id., 309; *North Star Boot
& Shoe Co. v. Ladd,* 20 N. W. Rep. [Minn.], 334, 336.

COBB, CH. J.

The defendant in error filed his petition in the court below
October 19, 1887, alleging that the plaintiffs in error
are partners in the practice of the law, in the city of Lin·
coln, and were the attorneys of Mary E. Bidwell in a cause
in the United States circuit court for the district of Ne-
braska, wherein she recovered a judgment on January 11,
1887, against N. F. Hitchcock and J. E. Townsend, part-
ners, doing business as the Johnson County Bank, for the
sum of $1,898.85.

II. That on June 21, 1887, the defendant in error brought
an action against said Bidwell, in said district court, to
recover $1,170.10 and interest due, and to become due, and
by due process of law attached the money, and garnished
the plaintiffs in error as attorneys of said Bidwell, and as
assignees of the money paid upon her judgment by Hitch-
cock and Townsend in the United States circuit court.

III. That on August 8, 1887, the plaintiffs in error, by
Tibbets, appeared and answered as garnishees, and their
answers and disclosures were incomplete and unsatisfactory,
and upon the final trial the defendant recovered judgment
against said Bidwell for $1,363.69, and for $27.75 costs,
which remains unpaid.

IV. That the plaintiffs in error have in possession
money and credits belonging to said Bidwell, $1,898.85
and interest on the same, and that there is due from them

$1,393.44, with interest at ten per cent per annum from December 20, 1888, amounting to $1,408.79, for which defendant in error asks judgment.

The defendants below answered denying every allegation not hereafter specifically admitted.

II. Admit they are partners at law, and were attorneys for said Bidwell in the cause stated, and admit the cause of action brought by the plaintiff below, who caused these defendants to be garnished.

III. That they appeared in the district court of Lancaster county and repeatedly demanded an oral examination as to the property, money, and credits of said Bidwell in their hands, which was declined, and in lieu thereof they filed their answer in writing, and the plaintiff made no objections to its completeness and satisfaction.

IV. They specifically deny having, at any time since the commencement of the garnishee proceedings, any property, money, or credits belonging to said Bidwell in their possession or under their control, or that they have been indebted to her in any sum whatever, and ask to be discharged from all liability in garnishment and from costs.

The defendant in error replied denying the allegations. set up in the answer, and alleging that the judgment of Mary E. Bidwell against Hitchcock and Townsend was not in fact rendered until the month of February, 1887.

On December 24, 1888, and subsequently at the trial, leave was given to amend the petition by interlineations to conform to the proof, and to file reply instanter.

There was a trial to the court, without a jury, on February 5, 1889, which found for the plaintiff: That the defendants, at the time of the service of the summons in garnishment in the case of Russell against Bidwell, had in their hands $1,400, and finds that on December 20, 1888, in the same case, wherein these defendants were garnished, the plaintiff recovered judgment for $1,363.60 debt and $27.75 costs; and that there is now due from defendants

to plaintiff on account of such garnishment proceedings a sum equal to the amount of money found in defendants' hands belonging to said Bidwell, $1,400, with judgment for that amount, with costs of this action taxed at $33.20, to be paid by the plaintiff; to which the defendants duly excepted, and their motion for a new trial being overruled, the cause is brought to this court on the following errors:

1. The finding and judgment are contrary to law and adverse to the evidence.

II. The court erred in permitting evidence to be introduced by the plaintiff under the pleadings, objected to by defendants.

III. In permitting evidence to be introduced tending to show that the money in the hands of defendants was the property of Mary E. Bidwell, objected to by defendants.

It is apparent that the case, as stated from the record, covers the case as found by the trial court, and constitutes a cause of action against the plaintiffs in error, under sec. 225 of the Civil Code, entitled Provisional Remedies in Attachment. This section provides that "if the plaintiff proceed against the garnishee by action, for the cause that his disclosure was unsatisfactory, unless it appear in the action that such disclosure was incomplete, the plaintiff shall pay the costs of such action."

This provision certainly means that in such a case, if it appear that the garnishee has money or credits of defendant in attachment in his hands, judgment may be rendered against him for the amount thereof, but he shall not be liable for costs unless his answer was incomplete. In other words, failure, on the part of plaintiff, to show that the answer of garnishee was incomplete, will not defeat the action against him if he has money of defendant in attachment in his possession; but does relieve him of liability for costs. This provision is entirely a nullity if this is not its meaning. The first assignment of error is therefore overruled.

From the testimony of the plaintiff in error Tibbets, in the court below, it appears that the garnishees had in in their possession, as the balance of the proceeds of the judgment in the United States circuit court, of *Bidwell v. Hitchcock and Townsend,* at the time they were served with summons to answer to these proceedings, $1,400. As a defense against garnishment they set up the assignment by the judgment debtor of the whole amount, subject to their attorney's lien, to their clients the Riverside Land Company of Wichita, Kansas, as follows:

"I, Mary E. Bidwell, in consideration of the sum of $1,400, hereby sell, assign, transfer, and convey to the Riverside Land Company, of Wichita, Kansas, a certain judgment this day rendered in my favor and against N. F. Hitchcock and J. E. Townsend, parties doing business as Johnson County Bank, said judgment being rendered in the circuit court of the United States in and for the district of Nebraska, for the sum of $1,898.85 and costs of action. This assignment being made subject to an attorney's lien held by Cornish & Tibbets, of Lincoln, Nebraska, for the sum of $498.85.                   MARY E. BIDWELL.

"Dated this 11th day of January, 1887, in presence of M. L. Easterday."

It also appears from the testimony of the same plaintiff in error, in reply to Q. State how you happened to draw up this assignment and the reasons which moved you to do it? A. As I have already stated, it was drawn up in my office. Mrs. Bidwell had formerly lived at Sterling, in Johnson county, this state, where the plaintiff Russell has a bank, and where N. F. Hitchcock resides and has a bank. She and her husband had a great many transactions with these two banks, and a series of difficulties had arisen between the Bidwells and the banks. Mrs. Bidwell said to me, after the verdict of the jury had been rendered, that there might be difficulty with the banks by their attempt-

28

ing to get hold of the money on the judgment, and asked if that could not be assigned to some one so that they could not reach it and give her trouble. I told her that it could be assigned, but that it must be assigned to some one for a valid and sufficient consideration. She said she was owing the Riverside Land Company $1,400, and had agreed to pay them out of this money, but that was not sufficient to absorb the whole of the judgment. I advised her to assign $1,400 to them, and that we would take the rest for attorney's fees, and the assignment was made in that way.

The president of the land company testified on the trial that the trade between the company and Mrs. Bidwell was made by the secretary of the company in December, 1886, and that the secretary represented the company in the transaction. The secretary also testified that he made sale of the town lots to Mrs. Bidwell, but knew nothing about the assignment of the judgment to his company. Their evidence does not tend to disprove the strong presumption that the assignment of the judgment was voluntary; was without the accord of the land company, and was without bargain and consideration.

The objection that neither the judgment debtor in the attachment, nor her assignee, were joined in the present action, is answered by the opinion that, under the statute, they are not necessary parties. They were, however, both represented by attorney, and in the latter instance the land company's officers were witnesses on the trial. They were then not without notice, and seem to have made all due protection of their rights.

The defendant Tibbets testified that the attorney Campbell, who appeared in the case, "was up here from Wichita representing the interests of the Bidwells, and that he (the witness and defendant) was representing the Riverside Land Company." The witness was cross-examined by the attorney Campbell without significance as to the issues. As both of the parties were thus present in court partici-

pating in the trial, by their attorneys, and testifying as witnesses, there was given them a sufficient opportunity to assert and maintain their legal rights.

In *Williams v. Pomeroy*, 27 Minn., 85, it was held that "where, in garnishee proceedings, a claimant appears, and is treated by the court and parties as a party, to the end of the proceedings, it is then too late to object that no formal order making him a party was entered."

The further objection urged, that the exact nature and purpose of the assignment could not be impeached or inquired of, for the reason that it was not alleged to be fraudulent by the plaintiff in his action below, is sufficiently answered in the character of the defense, and in the fact that the burden of proof necessarily rested on the defendants to maintain the prior right of their client, the land company, to the proceeds of the judgment paid into their hands and by their deposit accredited to them at the First National Bank, of Lincoln.

In *Donnelly v. O'Connor et al.*, 22 Minn., 309, it was held, that "in garnishee proceedings, although the garnishee deny any indebtedness, if the facts which he discloses clearly show that he owes the defendant a debt which is subject to be garnished, judgment should go against him." This rule, in Minnesota, was certainly applicable in this instance. The *affirmative*, in maintaining the right to garnished property, is upon the *claimant* who comes into garnishment proceedings under the Civil Code, sec. 225. (20 N. W. Rep., 334.) The second and third assignments are therefore overruled.

As the land company, although it appeared at the trial by attorney, and by its officers as witnesses for the defendants, preferred to rest its claims upon the answer of the defendants, which did not set up the assignment as proof of the allegation that they had neither money nor credits in their possession belonging to the judgment debtor, the plaintiff was not required to allege the fraudulent character

of the assignment.   That was left to appear from the testimony, or, on the other hand, to be fairly maintained as an assignment in good faith for a sufficient consideration by evidence called by the defendants.   The evidence is so very considerably adverse to the last condition, that the court below found in favor of the plaintiff and gave its judgment against the defendants as garnishees.   The judgment of the district court is

AFFIRMED.

THE other judges concur.