HENDERSON & JOHNSON v. HOOPER SUGAR CO. et al. (BANKERS' TRUST CO., Garnishee).

No. 4197.   Decided April 14, 1925.   (236 P. 244.)

1. APPEAL AND ERROR—GARNISHEE CANNOT ATTACK JUDGMENT FOR MERE IRREGULARITIES. In view of Comp. Laws 1917, § 6734, giving court jurisdiction of garnishee and property where sheriff's return shows service of writ, garnishee cannot, on appeal, assail judgment for mere irregularities in proceedings, being mere stakeholder, not entitled to complain unless not protected by judgment against future attacks by claimants of property.

2. GARNISHMENT—JUDGMENT AGAINST GARNISHEE PROTECTS HIM AGAINST SUIT OF CLAIMANT GIVEN DUE NOTICE OF, OR HAVING ACTUAL KNOWLEDGE OF, PROCEEDINGS. Judgment against garnishee protects him against suit of third person given due notice of garnishment proceedings, or having knowledge from any reliable source that proceedings were pending and bailee notifying bailor and all known claimants need not ask that all claimants be made parties, defend their rights, nor file supplemental answer whenever claimant assigns claim.

3. GARNISHMENT—GARNISHEE FULLY DISCLOSING IN ANSWER ALL KNOWN CLAIMANTS NEED NOT MAKE SUBSEQUENT CLAIMANT PARTY TO PROCEEDINGS TO PROTECT ITSELF AGAINST HIS CLAIM. Under Comp. Laws 1917, §§ 6736, 6737, garnishee, fully and truthfully

disclosing in its answer all claimants known to it, may obtain immunity against all claims by delivering property into court, or as directed in court order, or into custody of officers serving writ, without obtaining order of interpleader and serving copy thereof with notice provided for in section 6741 on subsequent claimant.

4.  GARNISHMENT—ASSIGNEE OF CLAIM AFTER SERVICE OF WRIT HELD ESTOPPED BY PARTICIPATION IN PROCEEDINGS TO ASSERT CLAIM. One to whom claim was assigned over three years after service of writ of garnishment, pursuant to which garnishee filed answer fully disclosing all claimants known to it, held estopped to assert claim by testifying in proceedings and asking for more time to interplead, though not bound by judgment because not party to proceeding.

5.  GARNISHMENT—GARNISHEE CANNOT UNNECESSARILY INCREASE ATTORNEY'S FEES IN PROTECTING ITSELF BY METHODS NOT PRESCRIBED BY STATUTE. Garnishee, though not strictly limited to recovery of attorneys' fees fixed by statute, cannot unnecessarily increase cost and expenses in protecting itself by other methods than those pointed out by statute.

6.  GARNISHMENT—DETERMINATION OF AMOUNT OF GARNISHEE'S ATTORNEYS' FEES WITHIN TRIAL COURT'S DISCRETION. Determination of amount of garnishee's attorneys' fees is within discretion of trial court, which is not bound to allow full amount claimed, though agreed to by parties.[1]

7.  GARNISHMENT—AWARD OF ONLY $250 FOR GARNISHEE'S SERVICES AND ATTORNEYS' FEES HELD NOT ABUSE OF DISCRETION. Allowance of only $250 for services rendered by garnishee and its attorneys held not abuse of discretion, in view of unnecessary services rendered, as in seeking to have assignee of claim made party to proceeding, after answer fully disclosing all claimants known to garnishee.

_____

[1] Citing *McCormick* v. *Swem*, 36 Utah, 6, 102 P. 626, 20 Ann. Cas. 1368.

See Headnote 1.   4 C. J. p. 693; 28 C. J. p. 259.
Headnote 2.   28 C. J. p. 399.
Headnote 3.   28 C. J. p. 378.
Headnote 4.   28 C. J. p. 372 (1926 Anno.).
Headnote 5.   28 C. J. p. 349.
Headnote 6.   28 C. J. p. 349.
Headnote 7.   28 C. J. p. 349.
Headnote 8.   15 C. J. p. 241 (1926 Anno.).

8.  COSTS—SUPREME COURT CANNOT ALLOW COSTS AND ATTORNEYS'
    FEES TO PARTY FAILING IN ACTION.  Supreme Court cannot allow
    costs and attorneys' fees to party failing in action.

Appeal from District Court, Second District, Weber
County, *J. N. Kimbal*, Judge.

Action by Henderson & Johnson, partners, against the
Hooper Sugar Company and the Bankers' Trust Company,
garnishee, in which Ernest R. Woolley and others were made
parties defendant in garnishment procedings.  From judg-
ment rendered, garnishee trust company appeals.

AFFIRMED.

*Dickson, Ellis, Parsons & Adamson,* of Salt Lake City, for
appellant.

*Henderson & Johnson,* of Ogden, for respondents.

FRICK, J.

This is an appeal by the Bankers' Trust Company, a cor-
poration, as garnishee, which company will hereinafter be
called appellant.  The plaintiffs, Henderson & Johnson, will
be designated respondents.  There were a large number of
parties in addition to the Hooper Sugar Company, a cor-
poration.  The Hooper Sugar Company will hereinafter be
styled the principal defendant.  As the other parties de-
fendant are not concerned in this appeal, no further refer-
ence will be made to them in this opinion.

The record is somewhat voluminous.  We shall, however,
refer to such portions only as we deem relevant to the ques-
tions before us for decision, which will hereinafter be stated.

The record discloses that on the 22d day of June, 1920,
one Ernest R. Woolley, who was made a defendant in this
proceeding, deposited with the appellant a certain agree-
ment entered into between said Woolley and certain cor-
porations, one of which was the principal defendant, to-

gether with a large amount of capital stock of said corporations, including the principal defendant. The terms and conditions of the agreement aforesaid were fully disclosed by the appellant in its answer as garnishee. It appears from the receipt issued by appellant to said Woolley that it received and agreed to hold the stock deposited by Woolley "as trustee for the use and benefit" of the corporations mentioned in said agreement and for the use and benefit of their "creditors and stockholders," etc. The appellant thus assumed the duty as a bailee for hire, and that it received and held said stock in that capacity is agreed by all concerned in this proceeding.

On the 14th day of August, or less than two months after the stock was deposited with the appellant as aforesaid, Henderson & Johnson commenced an action in the district court of Weber county, Utah, against one of the corporations mentioned in the receipt aforesaid, namely, the Hooper Sugar Company, the principal defendant aforesaid. When said action was commenced, Henderson & Johnson, pursuant to our statute, filed an affidavit as the basis for a writ of garnishment, which writ was duly issued, and, on the 16th day of August, 1920, was duly served on appellant. On the 22d day of August, 1920, appellant made answer as requested in said writ, and, in its answer, disclosed all of the stock, etc., that was deposited with it by said Woolley, among which was a certificate "for 3,000 shares" of preferred stock and another certificate "for 20,000 shares" of common stock, which certificates were issued in the name of the principal defendant and unindorsed. Appellant's answer also disclosed that it held said stock for the use and benefit of the principal defendant and its creditors and stockholders as hereinbefore stated. The answer did not disclose any claimants other than those mentioned in the receipt aforesaid. Service of summons was duly made upon the principal defendant, and, on the 22d day of January, 1921, judgment was duly entered against it in said action in favor of the respondents Henderson & Johnson for the sum of $3,133, with interest and costs. Subsequent to said action

and judgment, other creditors of the principal defendant commenced actions against it and sued out writs of garnishment and served the same upon appellant. The subsequent garnishments are, however, not material to this appeal, and will not be referred to further.

After judgment was obtained by respondents against the principal defendant as aforesaid, it seems things remained in status quo until the 10th day of July, 1923, on which date the district court of Weber county issued an order on respondents' ex parte application requiring appellant to deliver the stock certificates aforesaid, which were held by appellant, to the sheriff of Salt Lake county. After the order was made, appellant filed a motion to set the same aside, which was denied by the court. Respondents afterwards entered into a stipulation with appellant that the order should be set aside and vacated and that appellant should have leave to file an amended answer in the garnishment proceedings. Pursuant to the stipulation, the order was set aside, and appellant filed an amended answer to the writ of garnishment in which it set forth, with much particularity and detail, all of the facts relating to the deposit of the agreement and the stock by Woolley. In that answer it also set forth the names of the parties who had served writs of garnishment upon appellant which were issued subsequent to the issuance of the writ of garinishment of respondents, and asked that all of the parties named in said writs of garnishment and all others claiming an interest in the deposit (whose names, however, it did not disclose) should be made parties to the garnishment proceedings, and that such claims be adjudicated. The respondents filed a reply to appellant's amended answer in which they admitted many of the averments therein and denied and explained many others. Respondents, however, made all of the persons and corporations named by appellant parties to the action, and their claims were all adjudicated and are not in controversy here. In the meantime, however, the principal defendant was duly declared a bankrupt upon its own petition, and the trustee in bankruptcy was made a party

to the garnishment proceedings. Woolley was also made a party and served with process, but he, as well as others who were made parties and served, failed to appear or answer, and in all those instances judgments by default were duly entered against the parties failing to appear or answer.

The real controversy between appellant and respondents arises as follows: Woolley was served with process on the 20th day of December, 1923. After Woolley had been made a party and served with notice, and judgment by default had been duly entered against him, one George E. Sanders served notice on appellant that on the 18th day of December, 1923, two days before the service of process on Woolley, Woolley had assigned to Sanders all of the rights and interest that Woolley had in and to the agreement and stock in question here; namely, the 3,000 shares of preferred and 20,000 shares of common stock which were issued in the name of the principal defendant and deposited with appellant as before stated. Appellant then made application for leave to file a further answer upon the ground that Sanders had a claim upon or against it, to which application respondents objected, and the court denied appellant's application. We remark that appellant in its answer also averred that it was entitled to compensation for services rendered and for attorneys' fees, etc., in administering the property on deposit with it

A hearing was duly had upon appellant's answer and respondents' reply thereto, in so far as the answer was controverted. The court, after hearing the evidence, made findings of fact and conclusions of law and entered judgment requiring appellant to deliver said 3,000 shares of preferred and the 20,000 shares of common stock to the sheriff of Weber county, and ordered said stock to be sold and the proceeds of sale applied, first, to the payment of appellant's claim of $250 for services rendered and attorneys' fees in the garnishment proceedings; second, in satisfaction of respondents' claim; and, third, in satisfaction of other claims in the order they were allowed by the court; and, finally, that, if there were any proceeds left after satisfying the

claims aforesaid, to pay the same into court to await the further order of the court.

Appellant alone appeals from the judgment, and has assigned many errors, a number of which are argued in its brief.

We remark that the record of the foregoing proceedings has been before this court in different forms on two former occasions. First, in the case entitled *Bankers' Trust Co.* v. *District Court,* 62 Utah, 432, 220 P. 708, and again in *Pincock, Sheriff,* v. *Kimball, Dist. Judge,* 64 Utah 4, 228 P. 221. In the first case appellant was plaintiff praying for a writ of prohibition from this court against the district court, prohibiting it from enforcing its order requiring the appellant to deliver the stock here in question to the sheriff of Weber county; and in the second case the sheriff of Weber county sued out a writ of certiorari, insisting that the district court acted in excess of jurisdiction in requiring him to sell the stock in question. In the first case we held that appellant had a speedy and adequate remedy by appeal, and therefore denied the writ, and in the second one that the district court acted entirely within and not in excess of its jurisdiction in making the order aforesaid, and that the sheriff was fully protected by the court's order.

As before stated, appellant has assigned numerous errors. Many of the assignments we cannot consider for the reason that, as bailee and garnishee, it may not complain of mere irregularities in the proceedings, however serious they may be, as the principal parties or claimants might do. It can only complain in case the district court has exceeded its jurisdiction or has failed to protect appellant against future attacks by those claiming an interest in or title to the property which appellant held, and which it was required to surrender to the sheriff of Weber county by order of the district court. The authorities are practically without conflict in support of the foregoing statement of the law.

The law in that regard is well and clearly stated by the Supreme Court of Georgia in the case of *Exchange Bank* v.

*Freeman & Jones,* 89 Ga. 771, 15 S. E. 693, where it is held:

"A garnishee in attachment has no right to move for a new trial on alleged errors committed by the court in trying the attachment case as between the plaintiff and the defendant therein. The garnishee has no concern with the merits of the controversy between these parties any further than to see that, before judgment goes against himself on the garnishment, there is a judgment against the defendant in attachment which is so far free from invalidity as not to be void. He will be protected by a judgment against the defendant in attachment which is merely erroneous, equally as by a judgment free from error."

In 2 Shinn on Attachment and Garnishment, § 702, after stating that a garnishee may appeal from a judgment against him, the author says:

"But he cannot call in question the regularity of the judgment entered against the defendant for whom he is garnished. He has no concern in the matters of the controversy between those parties, any further than to see, before judgment goes against himself, that the judgment against the principal defendant is not absolutely void."

Our statute (Comp. Laws Utah 1917, § 6734), provides that the return of the sheriff showing service of the writ of garnishment on the garnishee "shall give the court jurisdiction" over the garnishee and the property. In this jurisdiction, therefore, the rule stated in 28 C. J. p. 259, § 357, applies; namely:

"After levy of garnishment, the debt or property reached is ordinarily regarded as in custodia legis, and the garnishee is a mere stakeholder."

In view, therefore, that the district court had jurisdiction of both the property and the parties, appellant cannot, in this proceeding, assail the judgment for mere irregularities. We can therefore only determine whether or not appellant is protected by the judgment as against the claimant George E. Sanders to which reference has been made.

Appellant vigorously contends that it is not protected by the judgment, and is liable to Sanders for the property which he claims by virtue of the assignment from Woolley. Much

space is devoted in appellant's brief to a demonstration of the proposition just stated. Appellant contends, and many cases are cited by it in support of the contention, that no one can be bound by a judgment affecting his property rights in proceedings of this character unless he was a party to the proceedings or is in privity with the party through or under whom he claims. While we are not disposed at this time to point out the objections to appellant's statement as broadly as it is made, and shall not do so, yet the question which we must determine is, To what extent does the statement apply as between it and Sanders?

While there is some diversity of opinion and considerable confusion among the authorities, yet the confusion arises principally from the fact that garnishment proceedings are merely statutory, and that there is a very wide difference in the provisions in the respective statutes of the several states relating to garnishment proceedings. There is, however, little difference of opinion, and both the difficulty and the confusion disappear in all cases where the courts have kept in mind the true relation of the parties, including claimants not parties to the proceedings, to the fund or property reached by the garnishment. As pointed out, appellant is a mere bailee for hire, and its status has not changed by having become a garnishee. It matters not how many or how few the claimants may be, the only duty of the bailee or garnishee is to serve all of them alike. As bailee, therefore, it became the duty of the appellant, when the writ of garnishment was served upon it, to inform or notify the bailor as well as all claimants who were known to it, that the property in its custody and under its control was being held or claimed under legal process. If it truthfully disclosed the status of the property in its hands, and further disclosed the claimants, in its answer, that were known to it, and notified or caused them to be notified of the garnishment proceedings, or if they had notice thereof so as to give them a reasonable opportunity to assert their claims or rights to the property in the court in which the proceeding was pending, or in any court having jurisdiction, it        2

did all·that it was required to do in order to protect itself against the claimants or as against any of them. True, as we shall see, it perhaps had the right to go into court and ask that all claimants be made parties to the proceeding, and that they be required to assert their claims and have them adjudicated. It was, however, not required to do that at its peril. Nor was it required to defend the rights of the claimants or any of them in court in order to be fully protected. Moreover, it was not required to file a supplemental answer every time one of the claimants assigned his claim to another, after the garnishment proceeding had been instituted, and the court had acquired jurisdiction of the parties and the property. The law is very clearly stated in 28 C. J. p. 399, § 626. After discussing under what circumstances the garnishee is protected by the orders and judgments of the court having jurisdiction of the garnishment proceedings as against claimants of the property or fund which is garnished, the law is stated in the following words:

"At any rate a judgment against the garnishee protects him against the suit of a third person claiming an interest, as assignee or otherwise, where such third person voluntarily became a party to the garnishment proceedings, or was interpleaded, or was given due notice of the proceedings and an opportunity to assert his rights therein, regardless of whether or not he availed himself of the privilege."

To the foregoing it may be added that, in addition to the different contingencies upon which the garnishee is protected, it would also be protected if it were shown that the claimant in fact had knowledge from any reliable source that the proceedings were pending, but nevertheless failed to assert his rights.

In the same volume of C. J. p. 404, § 633, in.further discussing when a judgment will or will not protect the garnishee, it is said that a judgment will not protect him—

"unless he made a full disclosure of the facts known by him, and was nevertheless adjudged liable as trustee or garnishee, or unless the assignee or other claimant became a party to the garnishment proceedings by interpleader, or unless he knew of the pendency of

the garnishment proceedings and yet failed to file an interplea or to assert his rights in any way in the garnishment proceedings."

In *Staltzer* v. *Chicago, M. & St. P. Ry. Co.,* 156 Iowa, 1, 134 N. W. 573, L. R. A. 1915E, 1017, it is held that notice by mail to the assignee is sufficient to protect the garnishee. It was so held in that case, although notice of the assignment was given to the garnishee before the writ of garnishment was served on the garnishee. In the case at bar the assignment was not made until more than three years had elapsed after the writ of garnishment was served and after the garnishee had made full answer to the writ.

The decisions in *Cornish* v. *Russell,* 32 Neb. 397, 49 N. W. 379, and *Williams* v. *Pomeroy,* 27 Minn. 85, 6 N. W. 445, are directly in point here on the sufficiency of the notice to the claimant in order to protect the garnishee. In those cases the claimants merely had knowledge of the garnishment proceedings and attended as witnesses, and it was held that the notice was sufficient to protect the garnishee against their subsequent claims to the property. In *Randall* v. *Way,* 111 Mass. 506, the rule applicable to the claim of Sanders is stated thus:

"The defendants, when summoned as trustees of George, were bound only to act in good faith towards the parties claiming an interest in the fund, and might fairly and properly leave it to them to protect their own rights. Henry Randall 'had notice of the trustee suit immediately after the service of the writ therein,' and thus had ample opportunity 'to appear and maintain his right.' Gen. Sts. c. 143, § 15; *Knights* v. *Paul,* 11 Gray, 225; *Boylen* v. *Young,* 6 Allen, 582. He had still further opportunity when this action was postponed 'till the termination of the trustee suit.' Having neglected to make his claim there, he cannot now disregard that judgment and enforce his mere equitable claim upon the funds in the hands of the defendants. Those funds are bound by the judgment, and he must seek his remedy for the loss against his own trustee."

In *American Express Co.* v. *Mullins,* 212 U. S. 311, 29 S. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536, it is held that, while a bailee may test the validity of the seizure of the property intrusted to him, yet, if he seasonably notify the bailor or claimant that the property has been seized by legal process, such notice is a complete defense to an action by

the claimant against the bailee for the property or its value.

In *Pecos Valley Trading Co.* v. *Atchison, T. & S. F. Ry. Co.*, 24 N. M. 480, 174 P. 736, it is held:

"Where the goods are taken from the bailee by legal process, and he gives notice thereof to the owner so that the owner has the opportunity to litigate his right to the property, the bailee is discharged."

In *Lumber & Mfg. Co.* v. *Fourth Nat. Bank,* 63 Kan. 768, 66 P. 1024, under a garnishment statute which in legal effect is like ours, it is held that a judgment against a garnishee and satisfaction thereof is complete protection to the garnishee as "against all third persons who, knowing the property claimed by them has been arrested in the hands of the garnishee" and who "failed to assert their rights thereto by interpleading in the garnishment proceedings."

It is not necessary to quote further from the authorities. Neither do we deem it necessary to here refer to or review the authorities cited by appellant, since they are not applicable to the facts in this case, but state and decide general principles merely.

Appellant, however insist, that our statute (Comp. Laws Utah 1917, § 6741) does not protect it against Sanders unless he was actually made a party to the garnishment proceedings and was properly served with legal process. In making this contention, however, appellant entirely ignores sections 6736 and 6737 of the same compilation. Under section 6736, supra, after the court had acquired jurisdiction as hereinbefore stated, appellant could have delivered the property as directed in the order, or have delivered it into court, and, in doing so, would have obtained complete immunity or protection against all claims; while under section 6737, supra, it could have delivered the property into the custody of the officer serving the writ to be dealt with by the court, and, by doing that, could have obtained complete protection. True, under section 6741, upon which appellant relies, it could have obtained an order of interpleader and could have served a copy of such order, together with the notice provided for in that section upon Sanders, and, by so doing, could have obtained complete

immunity and protection likewise. The remedy provided for, however, in the latter section, is not exclusive but merely cumulative, and affords the garnishee merely another method of obtaining immunity or protection as against subsequent or any claimants. As a matter of course, what has just been said is based upon the hypothesis that the garnishee in its answer has made full and truthful disclosure of all the claimants known to it.

The appellant in this case not only made full and truthful disclosure once, but did so repeatedly. Moreover, in this case the claim of Sanders arose more than three years after the appellant had been served with the writ of garnishment and pursuant to which it had filed its answer in accordance with the provisions of our statute.

Then again, the record conclusively shows that Woolley, under whom Sanders claims, had conferences with the appellant and others with respect to the property in question on numerous occasions after the garnishment was served and after appellant had filed its answer. He was thus fully aware, for three long years before he made the assignment, that the property had been arrested in the hands of appellant.

But, in addition to all that, Sanders, as the record shows, appeared in court and testified in this proceeding on behalf of some of the parties. What he testified to the record does not disclose, but the district court, in rendering its decision in this case, refers to his testimony and to the fact that he had testified.

After all that had taken place, Sanders appeared in court and before the judge in chambers, before whom the proceeding had been pending for more than three and a half years, and asked for more time to interplead. In view of all that he knew and that appears from the record, we are not surprised that the district court refused to further delay the hearing, although in our judgment it might have been better perhaps if the court had made Sanders a party, and thus had prevented this assault upon the judgment. As to that, however, we offer no criticism.  .

Sanders was given ample opportunity to assert his claim, if any he has. In view of the record, we have not the slightest hesitancy in holding that Sanders is now estopped from successfully asserting any claim as against the appellant.

Appellant contends, however, that Sanders is not a party to this proceeding, and hence is not bound by any judgment rendered by the lower court or by this court. It is true that Sanders is not bound by the judgment. It is, however, equally true that he is, like all others, bound by the law and by his own conduct. Under the law as it is declared by the courts there is, there can be, no doubt whatever that, under the undisputed facts disclosed by this record, Sanders is estopped from asserting any rights as against appellant, and hence, it has no just cause for complaint. On this appeal we are, however, only concerned with Sanders' rights as against the appellant. Whether he has any claim against respondents or those who have succeeded to the property to which he asserts some rights or interest is not before us now, and as to that we express no opinion.

This brings us to appellant's contention that the district court erred in disallowing its claim for services in administering the property and for attorneys' fees. According to the evidence offered on behalf of appellant, it could have been awarded a much larger amount for services and attorneys' fees, while, according to the evidence offered on behalf of respondents, the court allowed appellant an adequate if not a liberal amount for services and attorneys' fees. There is no doubt that, in view of the law, appellant's attorneys rendered unnecessary services on behalf of appellant. The rights of bailees who are made garnishees have so often been declared by the courts, as we have pointed out in this opinion, that but little is required to be done by the garnishee to protect its own rights and interest in the premises. The statute fixes the fees that a garnishee is entitled to in making answer to the writ. While in particular instances and under peculiar circumstances, as in this case, the garnishee may not be strictly limited to the fees fixed

by the statute, yet in no case can the garnishee unnecessarily prolong the proceedings or hold on to the property at the expense of the party suing out and serving the writ of garnishment. If that were permitted, the garnishee could fritter away the whole fund or property in its hands, and thus deprive the party suing out the writ of any benefit therefrom. The spirit and purpose of our garnishment statute is to protect all parties concerned, and especially to protect the garnishees from conflicting claims. All it had to do to protect itself, however, was to follow out the course we have pointed out. The statute provides different methods by which the garnishee can protect himself as against any claims by third parties. If he refuses to avail himself of the methods pointed out by the statute, he must do so at his own risk and expense. It would be a reproach to both the courts and the law if a bailee of property who is garnished were permitted to unnecessarily increase the costs and expenses in protecting himself. While in this case the district court under the evidence could have allowed appellant a larger amount for services and attorneys' fees, yet it was within its power and discretion to determine what the amount should be in the first instance. In that regard much latitude is given to the trial courts. As held in *McCornick* v. *Swem*, 36 Utah, 6, 102 P. 626, 20 Ann. Cas. 1368, courts are not bound to allow the full amount of attorney's fees claimed, although the amount may have been agreed to by the parties. In view of the whole record in this case and the law applicable, we are not prepared to hold that the district court abused its discretion in fixing the amount that should be allowed the appellant. True, appellant has been to this court twice and has perhaps spent considerable time and money for that purpose. Appellant, however, failed in this proceeding, and we know of no law in this jurisdiction by which we are authorized to make an allowance for costs and attorney's fees to the party who failed in an action. While the courts are open to all at all times, yet, in order to be entitled to costs, they must prevail in the action or proceeding. The only penalty that the law imposes

on the losing party, which is a mild one, is that he pay the costs of the litigation so far as the statute allows such costs.

In view of what has been said, it follows that the judgment should be, and it accordingly is, affirmed, with costs to respondents.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.