## MERCER v. THORLEY

(No. 1886; April 16, 1935; 43 Pac. (2d) 692)

For the plaintiff in error, the cause was submitted upon the brief of *L. A. Bowman,* of Lovell, and *C. A. Zaring,* of Basin.

For the defendant in error, the cause was submitted upon the brief of *Charles L. Brome,* of Basin, without oral argument.

BLUME, Justice.

This is an action involving the right to a lease of a school section of the state lands. The facts, in so far · as material herein, are as follows:

On July 23, 1928, the State Board of Land Commissioners issued to Lehi A. Thorley, defendant in error herein, a lease for Section 36, Twp. 52, Range 89, Big Horn County, Wyoming, for a period of five years. Thorley duly applied for a renewal of the lease. On July 5, 1933, R. D. Mercer, plaintiff in error herein, also applied for a lease on this land. This application was accompanied by a letter of Mercer, and he subsequently, on August 14, 1933, wrote a second letter re-

lating to leasing the land. On November 2, 1933, the Board disallowed the application of Thorley, and allowed that of Mercer, at a rental of $110 per annum. On November 13, 1933, notice of the action of the Board was sent to R. D. Mercer, at Hyattville, Wyoming, and to Lehi A. Thorley, at Otto, Wyoming, apparently not by registered mail. Thorley testified and the court found that the first knowledge that he, Thorley, had of the fact that Mercer also had applied to lease the land was pursuant to the letter which he received from the Commissioner of Public Lands of date November 13, 1933, as above mentioned. On November 16, 1933, Thorley answered that letter, expressing his surprise, and stating that he had not previously known of the application made by Mercer. A number of other matters are mentioned therein, which need not be set out. This letter was answered by the Commissioner of Public Lands on November 21, 1933, which answer is as follows:

"November 21, 1933.

REGISTER—R. C. R.
Mr. L. A. Thorley,
Otto, Wyoming.

Dear Mr. Thorley:

Re: Conflicting Grazing Applications, covering All Section 36, Tp. 52, N., R. 89 W. No. 53415, Lehi A. Thorley—No. 53465, Ralph D. Mercer.

This will acknowledge receipt of your letter of November 16th in reference to the above conflict.

You may construe this letter as proper notice, as set out in Section 91-114, W. R. S. 1931.

The Board of Land Commissioners in making their determination in granting the lease to Mr. Mercer, at the rental offered, being $110.00 per year, and from the evidence submitted, decided that the terms of your prior lease had been violated to the extent that you

had sub-leased the land at a profit, and without notice to this office.

The next meeting of the Board of Land Commissioners will be held on December 7, 1933, and if it is your desire to have this matter reopened you may do so at the meeting of the Board to be held as above mentioned.

Yours very truly,
C. H. FITZPATRICK,
Commissioner of Public Lands.

cc—Ralph D. Mercer,
Hyattville, Wyo."

On December 5, 1933, Thorley answered this letter, claiming, in substance, that he should have the land at the terms offered by Mercer, and accepting these terms. On January 4, 1934, the Commissioner of Public Lands wrote to Thorley as follows:

"The Board of Land Commissioners at its meeting held today, having had for consideration your communication of December 5, 1933, protesting against the allowance of the application of R. D. Mercer for grazing lease covering the above described land, unanimously voted to uphold its decision of November 2, 1933, at which time they allowed the application of R. D. Mercer."

Thereupon, and on February 2, 1934, within thirty days after the decision of January 4, 1934, Thorley filed in the office of the Commissioner of Public Lands a notice of appeal, and he also filed a like notice and a bond in the district court as required by Sec. 91-307, Rev. St. 1931. When the appeal from the Board came on for hearing in the trial court, R. D. Mercer filed a motion to dismiss the appeal from the board on the ground that the same was not taken within the time provided by law. The court overruled the motion. Evidence was thereupon taken and at the conclusion thereof the court found in favor of Lehi A. Thorley, defendant in error herein, as against R. D. Mercer, plaintiff in error herein. The particulars of the judg-

ment rendered need not be set out, in view of the points argued in this court. From the judgment so rendered Mercer has brought proceedings in error in this court.

1. Two points only are argued in the brief of counsel for plaintiff in error, namely, first, that the appeal from the State Board of Land Commissioners was not taken in time, and, second, that the legislative act giving an old lessee a preferential right is unconstitutional. We shall take up these points in their order.

It is argued that Section 91-307 gives only thirty days in which to appeal from the State Board of Land Commissioners; that the right of appeal is purely statutory, and that, according to previous decisions of this court, the district court had no jurisdiction in this case to hear the appeal; that the effective decision of the land board was made on November 2, 1933; that on January 4, 1934, the Board merely confirmed what it had previously done, and that, accordingly, the appeal should have been taken within thirty days from November 2, 1933, and the motion made in the trial court to dismiss the appeal should have been sustained. Counsel have fallen into a fundamental error. Section 91-114, Rev. St. 1931, provides what shall be done, when there are two or more applicants for a lease, and requires that "when a preference exists in the old lessee under the provisions of this article, he shall be given fifteen days' notice by registered mail." This notice must be given before the board takes any action in awarding a new lease. That was not done in the case at bar. Thorley did not know of the existence of any other application until he received the letter of November 13th, 1933. His rights were attempted to be adjudicated without notice. That this cannot be done is too clear for argument. Boulter v. Cook, 32 Wyo. 461, 236 Pac. 245. The decision of the board made on November 2, 1933, was, accordingly, wholly

void and of no effect whatever. Hence if we ignore the fact that no notice by registered mail was ever given, and that the decision of January 4, 1934, was but an affirmance of a void order, it was the first decision of the board with any effect at all. The appeal herein was taken within thirty days from that date and was, therefore, within the time required by the statute. The motion to dismiss the appeal was, accordingly, properly overruled.

2. Counsel also, briefly, contend that Section 91-113, giving a preference to old lessees, is unconstitutional in view of Section 5 of the Act of Admission, and the acceptance thereof by this State. Section 5 of the Act of Admission provides that "all lands herein granted for educational purposes shall be disposed of only at public sale * * * but that said lands may be * * * leased for periods of not more than five years * * *." By Section 1, Article 18 of the Constitution, all such grants were accepted with the conditions and limitations fixed by Congress. Section 91-113, supra, claimed to be unconstitutional, reads as follows:

"The board shall lease all state lands in such manner and to such parties as shall inure to the greatest benefit and secure the greatest revenue to the state. Except as herein provided, preference shall in all cases be given to applicants who are bona fide resident citizens of the state and to firms, associations or corporations authorized to transact business in the state, having actual and necessary use for the land and holding title to lands in the vicinity of the land applied for, who offer to pay the highest annual rental for the use of the land for a term of five years; provided, that an applicant who is the holder of an expiring lease, and has paid the rental when due, and has not violated the provisions of the lease, and is qualified under the provisions of § 91-109, shall have the right over and above all others to lease the lands covered by the expiring lease, to the extent that he may take the lease at the highest annual rental offered by any other appli-

cant; provided, that should the highest rental offer received be unreasonably excessive and clearly out of proportion to rentals paid for lands of similar kind and character the board shall fix the rental at which the old lessee may take the lease, upon a fair and reasonable basis within the minimum and maximum limits of appraised rental values as provided in § 91-108."

The portion claimed to be unconstitutional reads as follows:

"Provided that an applicant who is the holder of an expiring lease, and has paid the rental when due, and has not violated the provisions of the lease, and is qualified under the provisions of section 91-109 shall have the right over and above all others to lease the lands covered by the expiring lease, to the extent that he may take the lease at the highest annual rental offered by any other applicant."

Counsel cite only the case of State ex rel. Huckfeldt v. Board, 20 Wyo. 162, 179, 122 Pac. 94. In that case the court said:

"We are not prepared to say that the land board may not lawfully be authorized to consider and act upon reasonable grounds of preference in passing upon two or more applications for the same land."

But the court further said:

"It is argued that the statute in question (section 613, C. S. 1910) complies strictly with the above mentioned limitation expressed in the grant by providing for five year leases. If, however, it confers upon the lessee, as contended, an absolute right, at the expiration of one five year lease, to a renewal thereof, and to subsequent renewals every five years, covering a total period of twenty years, and is to be read into every lease controlled by its provisions as a part of the contract, then, notwithstanding that a new lease is required to be executed at the end of each five year period, the lands covered by such contract of lease would in effect be leased for a period exceeding five years, subject only to the lessee's option to surrender the lands, either by failure to demand a renewal or other-

wise, and the provisions for re-appraisement and fixing the amount of the future rent. This, we think, would be a clear evasion of the limitation expressed in the Act of Admission and accepted by the Constitution, for the state, by the original contract, would become obligated, if the contention of relator's counsel be correct, to renew and thereby continue the lease at the option of the lessee, subject only to the conditions above mentioned, for the period prescribed in the statute. The effect of such a contract would not seem to differ materially, so far as the question under consideration is concerned, from a contract leasing the lands for twenty years, but giving the lessee an option to surrender at the end of any five year period. The lack of power in the state to enter into a contract leasing school lands for a period more than five years would prevent it also, we think, from accomplishing the same purpose by a covenant of renewal in a lease for five years, allowing no discretion on the part of the state, except to readjust the rent upon the basis of a new appraisement from time to time."

Counsel seem to think that the last quotation disposes of the case at bar. The statute considered in that case read as follows:

"The lessee named in any lease of state lands, or his assigns shall, at the expiration of the term of said lease, be entitled to a renewal thereof, not exceeding an area of four sections, and to subsequent renewals thereof every five years, for a total period of twenty years, provided, that at each renewal period said lands may be re-appraised in the manner hereinbefore specified; the said appraisement to be based upon the value of the lands, irrespective of any cultivation or improvements, made or placed thereon by the lessee."

The statute quoted (at least aside from the provision for re-appraisement from time to time, which throws a doubt on the point) gave the old lessee an absolute right of renewal, even as against the state, and we have no reason to doubt the correctness of the statement in the foregoing opinion, that no absolute right of renewal of a lease can be given. Section

91-113, supra, is materially different from the statute considered in that case. On the face of it, in any event, the right of renewal therein given is not absolute but conditional. It is given only "over all others." The State is not compelled to lease the land, at least if it acts in good faith. It may sell it at any time. Section 91-501. And it could, no doubt, withhold a renewal if it desires to use the land itself. A number of other conditions are named in the statute. So that, as stated, the right of renewal does not, at first blush in any event, appear to be absolute. Counsel have not pointed out wherein that is not true. They have contented themselves with a brief argument; they merely say, aside from their quotation from State ex rel. Huckfeldt, supra, that in view of the Act of Admission, the portion of the statute last quoted

"is clearly unconstitutional and ineffective for any purpose as creating a perpetual right to a lease for state school lands, contrary to the expressed conditions contained in the Act of Admission and the constitutional provision accepting the grant. The judgment as entered leaves nothing to the discretion of the Board and the mandate is clearly to do that which is contrary to the intent and purpose of the act of admission and the constitution."

Counsel have failed to point out wherein the statute gives an absolute right of renewal notwithstanding the conditions which apparently are attached, as above noted, and hesitant as courts are to declare a statute unconstitutional, we would not, ordinarily at least, want to seek out reasons of our own. This is true especially in view of the apparent purpose of the clause that no lease shall be made for more than five years. We have not been able to conjecture any reasons other than that the state may be able to sell the land without being subject to any lease, and that the rentals may be adjusted from time to time, so as to insure the best

interests of the public. If there are other reasons, they have not been suggested.

Furthermore, the general rule is that questions not raised in the court below, as seems to be true here, cannot be raised on appeal. 4 C. J. 1077. There are some exceptions to that rule. Walter v. Keith, 98 N. J. L. 823, 121 Atl. 624. But it has been applied to constitutional questions. Case v. Sullivan, 22 Ill. 56, 78 N. E. 37; Dodge v. Cornelius, 168 N. Y. 242. It would seem that it should be applied in a case in which a decision on the constitutionality of a statute would affect adversely a large number of the public, as in the case at bar, who have had no opportunity to be heard. In this case leases to thousands of acres, and hundreds of persons, would be affected. Raising the question in the trial court would at least have a tendency to interest all those who would be affected by a decision in the case, and to cause the point to be argued and presented in this court as thoroughly as possible. So, while not foreclosing the point in a future case, we cannot, we think, hold the law unconstitutional in this case.

It may be of interest to call attention also to the act of Congress, approved February 15, 1934, by which the requirement of the former act as to leasing is modified. The recent act provides that the lands may "under such regulations as the legislature shall prescribe, be leased for mineral, grazing, agricultural, or other purposes, provided that the term of agricultural and grazing leases shall not exceed ten years." This act of Congress was accepted, ratified and confirmed by the legislature of this state by Chapter 34, Session Laws of 1935. We need not decide what effect, if any, this legislation has on the case at bar. But particularly in view of the fact that Thorley's lease has not yet run the period of ten years, an additional reason is furnished why we should not, at this time at least,

hold the provisions for a preference right under Section 91-113, supra, to be unconstitutional.

The judgment of the trial court is, accordingly, affirmed.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.