[Civil No. 2316.   Filed July 8, 1926.]

[248 Pac. 34.]

HENRY G. BOICE, Appellant, v. THOMAS E. CAMPBELL, ERNEST R. HALL, W. J. GAL-BRAITH, G. W. FAIRFIELD and RAYMOND EARHART, Constituting the State Land Department of Arizona; RUDOLPH KUCHLER and SAMUEL W. PITTMAN, Appellees.

1. CONSTITUTIONAL LAW.—Court can only interpret laws as found, despite consequences of such interpretation, and argument as to effect of statute, if so construed, should be addressed to legislature.

2. PUBLIC LANDS.—Public lands of state before its admission to Union were property of United States.

3. PUBLIC LANDS — LIMITATION ON DISPOSITION OF PUBLIC LANDS, PROVIDED IN ENABLING ACT, IS BINDING ON STATE (CONST., ART. 20, § 12; ENABLING ACT).—Under Constitution, article 20, section 12, consenting to provisions of Enabling Act of 1910 admitting state into Union, any limitation on disposition of public lands provided in Enabling Act is binding on state, unless Congress consents to change, and state statute or constitutional amendment in conflict therewith is null and void.

4. PUBLIC LANDS — ENABLING ACT PROHIBITS STATE FROM LEASING LANDS GRANTED FOR MORE THAN FIVE YEARS, EXCEPT BY PUBLIC AUCTION AFTER DUE ADVERTISEMENT (ENABLING ACT, § 28; LAND ·CODE 1915, § 37).—Under Enabling Act, section 28, state is prohibited from leasing lands granted to it by the United States for more than five years, except at public auction after due advertisement, and Land Code 1915, section 37, giving lessee a pre-

---

Judicial inquiry into wisdom, policy or motives prompting enactment of statute, see note in 1 Ann. Cas. 570. See, also, 25 R. C. L. 808.

ferred right of renewal, violates the Enabling Act, if construed as giving the lessee an enforceable interest in property.

5. PUBLIC LANDS—LEASE OF PUBLIC LANDS TO OWNER OF HOMESTEAD ADJOINING LAND IN PREFERENCE TO LESSEE SEEKING RENEWAL LEASE HELD PROPER (PUBLIC LAND CODE 1915, §§ 31, 37).—Lease of public land, under Public Land Code 1915, sections 31 and 37, to owner of United States homestead adjoining land, requiring same for additional pasture, in preference to lessee claiming preferential right to renew lease, *held* proper.

---

See (1) 12 C. J., p. 887, n. 38.  (2) 32 Cyc., p. 776, n. 8.  (3) 32 Cyc., p. 1087, n. 21.  (4) 32 Cyc., p. 1098, n. 39.  (5) 32 Cyc., p. 1098, n. 39.

APPEAL from a judgment of the Superior Court of the County of Cochise.  Albert M. Sames, Judge. Affirmed.

Messrs. Knapp, Boyle & Pickett and Mr. D. B. Morgan, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for Appellees.

LOCKWOOD, J.—The state land department in 1916 leased certain land in Cochise county to Hattie M. Graham.  This lease, with the consent of the department, was duly assigned to Henry G. Boice, hereinafter called appellant, in January, 1920.  On March 12th, 1920, Samuel W. Pittman, hereinafter called appellee, made an initial application for a lease on the same lands.  In his application he stated that he claimed a superior right to lease the land because it adjoined his patented homestead, and because he needed the land to pasture his cattle on.  A few days later appellant made application for a renewal of his existing lease on the land, claiming in such application a preferential right by virtue of section 37 of the Public Land Code of 1915.

April 5th, 1921, the land department ordered that the application of appellee for a lease to the land be granted, at a re-appraised rental. Appellant appealed the case from the department to the superior court of Cochise county, which affirmed the action of the department. After a motion for new trial was made and overruled, the case was brought before us for review.

In the oral argument of the case it was urged most strenuously that the cattle industry of the state had been built up on the theory that the prior occupant of grazing lands was entitled to the use thereof as against all persons but the state, and that the legislature, by section 37 of the Land Code of 1915 had recognized and confirmed this. It was pointed out that valuable property rights had been built up in reliance thereon, and that a contrary holding by this court would in many cases cause great damage to, if not a total destruction of, old and well-established ranches. We realize the force of the argument, but it is one which should be addressed to the legislative department rather than the judicial. We can but interpret and declare the law as we find it.

The assignment of error is to the effect that the evidence failed to show any superior right or equity of any nature in appellee to an initial lease, over the preference right of renewal of the antecedent right existing in appellant. The question involved is the proper construction of sections 31 and 37, chapter 5, of the Second Special Session Laws of the Second Legislature, as amended. These sections read as follows:

"Section 31. *Two or More Applicants.* In case two or more applicants apply to lease the same land, the commissioner shall approve the application of the one who, after investigation or hearing by the commissioner, shall appear to have the best right to such lease, provided, that time or order of filing ap-

plication shall not be a controlling or a determining factor in deciding who is entitled to such lease, but if it should appear that none of the applicants has any right or equities superior to those of another, the commissioner may, at a stated time, and after due notice to all such applicants, receive sealed bids, submitted in accordance with such rules and regulations as the commissioner may adopt, and shall approve the application of the bidder, who in all respects, is eligible to hold a lease upon the land, and will pay the highest annual rental therefor; provided, that the commissioner shall have the right to reject all the bids submitted, and provided further, that any person occupying a United States homestead, lying adjoining, shall, upon application as in this act provided, have a preference right to lease such number of adjoining acres as is necessary for the personal use of such homesteader.'' Laws 1919, c. 166.

''Sec. 37. *Preferred Rights to Renew.* Upon application made to the commissioner, not less than thirty nor more than sixty days prior to the expiration of the lease, the lessee shall have a preferred right of renewal, bearing even date with the expiration of the old lease, for such term not longer than five years, as the commissioner may deem proper, at a re-appraised rental; provided, that if the commissioner does not deem the continued leasing of said land to be for the best interest of the state, said lease shall not be renewed.'' Laws 1921, c. 79.

It will be seen by reading these sections the legislature attempted to declare two preferential rights to lease state land, one in favor of the occupant of a United States homestead right, adjoining to the land to be leased, and the other of a right of renewal to any occupant under an existing lease.

The public lands of the state of Arizona, before its admission to the Union, were the property of the United States of America. When Arizona was admitted, it was by virtue of an act of Congress com-

monly referred to as the Enabling Act. In said Enabling Act it was provided:

"That the state and its people consent to all and singular the provisions of this act concerning the lands hereby granted or confirmed to the state, the terms and conditions upon which said grants and confirmations are made, and the means and manner of enforcing such terms and conditions, all in every respect and particular as in this act provided." Section 20, subd. 9.

The Constitution of Arizona, when adopted, contained the following provisions:

"Article XX. *Ordinance.* The following ordinance shall be irrevocable without the consent of the United States and the people of this state: . . .

"Twelfth. The state of Arizona and its people hereby consent to all and singular the provisions of the Enabling Act approved June 20, 1910, concerning the lands thereby granted or confirmed to the state, the terms and conditions upon which said grants and confirmations are made, and the means and manner of enforcing such terms and conditions, all in every respect and particular as in the aforesaid Enabling Act provided."

It therefore follows that any limitation upon the disposition of public land provided in the Enabling Act is absolutely binding on the State of Arizona, unless the Congress of the United States may consent to a change, and any statute or amendment to the state Constitution in conflict therewith is null and void. The particular provision of said Enabling Act involved in this case is section 28, which reads in part as follows:

"Section 28. That it is hereby declared that all lands hereby granted . . . shall be by the said state held in trust, to be disposed of in whole or in part only in manner as herein provided. . . . Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction . . .

notice of which public auction shall first have been duly given by advertisement, . . . provided, that nothing herein contained shall prevent said proposed state from leasing any of said lands referred to in this section for a term of five years or less without said advertisement herein required.''

It will be seen that the state is absolutely prohibited from leasing the lands granted to it by the United States for a term of more than five years, except at a public auction, and after due advertisement thereof.

The first question, therefore, for us to determine is whether or not section 37 is in conflict with the provisions of the Enabling Act. If it is, of course it must fall; if it is not, we must construe it in conjunction with the other statutes and give it effect. What is the meaning of the phrase ''preferred right of renewal''? It seems to us there are but two constructions which may be given thereto. The first is that the right is to be construed as an enforceable interest in property, arising out of a contract. If such is the meaning of the words, then a preferred right of renewal is a contractual interest in the land which the lessee may enforce at his option, subject only, as provided in the statute, to an increased rental, or the entire withdrawal of the land from lease.

This same general question was before us in the case of *Campbell* v. *Muleshoe Cattle Co.*, 24 Ariz. 620, 212 Pac. 381, and we held, following the case of *State* v. *State Board of School Land Commrs.*, 20 Wyo. 162, 122 Pac. 94:

''If the only way to defeat the right of a lessee to a renewal, as is contended by the appellee, is that the commissioner 'does not deem the continued leasing of said land to be for the best interests of the state,' it follows that a lease for five years is necessarily a lease for ten years, at the option of the lessee, if the land is to be leased at all, and would constitute the

leasing, or agreement to lease, for a term of five years or more, and violate the Enabling Act as well as the Constitution. 'The statutory obligation' to lease the premises, if leased at all, to the former lessee in our opinion is just as obnoxious to the Enabling Act and Constitution as the Wyoming law. . . . "

If, on the other hand, we give to the words "preferred right of renewal" a construction which implies that it is discretionary with the land department as to which of several applicants, taking into consideration all the facts surrounding the matter, including, of course, the prior occupancy, is best entitled to the land, notwithstanding the prior occupant is asking for it, then the so-called "right" given is no right at all in the ordinary sense of the term, but merely a direction to the land department to regard as an equity in the case what it doubtless would have taken into consideration in the absence of the statute. Appellant is therefore between the horns of a dilemma. If we adopt the first construction set forth above, section 37 violates the Enabling Act, and the attempt to give the preference is unconstitutional. If we choose the second, it is wholly a matter within the discretion of the land department, and it has already exercised that discretion under circumstances which do not affirmatively show an abuse thereof.

Nor need we now determine what meaning should be given to the phrase "preference right to lease" given to the occupant of a United States homestead by section 31 as amended. In the case at bar appellee was admittedly the owner of land adjoining that in dispute, and needed the latter for additional pasture. Such fact was undoubtedly one which the land department had the right to take into consideration in determining who was best entitled to the lease, and it appears from the record the department found "the equities of S. W. Pittman in the matter of his ap-

plication are superior to, and were such as entitled him to, a lease of the lands in dispute." The finding on its face is based on the equities of the situation, and not on an absolute right, nor can we say the evidence did not support it. The decision of the department and that of the superior court of Cochise county were in harmony with the law and the evidence.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.