### KERRIGAN v. MILLER, GOVERNOR, ET AL.

(No. 2074; December 5, 1938; 84 Pac. (2d) 724)

442

For the appellants, there was a brief by *Thomas O. Miller*, of Lusk; *Ray E. Lee*, Attorney General; *Thos. F. Shea*, Deputy Attorney General, and *Wm. C. Snow*,

Assistant Attorney General, all of Cheyenne, and oral argument by *Mr. Miller.*

For the respondent, there was a brief and an oral argument by *J. A. Greenwood* of Cheyenne.

BLUME, Chief Justice.

The State issued a lease to Harold E. Kerrigan, the respondent herein, for Section 36, Tp. 32, Range 61, Niobrara County, Wyoming, to run from January 1st, 1932, to January 1st, 1937. On November 16, 1936, he applied for a renewal of the lease. On December 31, 1936, H. E. Zerbe, the appellant herein, applied for a lease on the same land. On February 13, 1937, the commissioner of public lands decided to divide the land between the two applicants, giving to Kerrigan a lease for the west half of the section and to Zerbe a lease for the east half thereof. He found that Kerrigan had not violated the terms of the expiring lease and that both applicants were qualified to apply for the new lease. On April 8 or 9, 1937, the State Board of Land Commissioners confirmed the action of the commissioner, Zerbe to make satisfactory arrangements with the owner as to the improvements on the land leased to him. On April 27, 1937, Kerrigan appealed from the decision allowing Zerbe a lease for the land above mentioned. Subsequently a stipulation was entered into by and between the parties herein, which so far as material herein, and additional to some of the facts hereinbefore stated, is as follows: Both Kerrigan and Zerbe are qualified under Section 91-109, Rev. St. 1931, to lease state lands, the former being a citizen of and residing in Laramie County, Wyoming, the latter being a citizen of and residing in Niobrara County; the land sought to be leased is school land; Kerrigan first ob-

tained a lease thereon on September 20, 1927, which lease was renewed as above mentioned; he has not violated the terms of the lease, has paid rental thereon when due, and offers to take a renewal lease at the same terms offered by Zerbe; he has permitted the Van Tassell Real Estate and Live Stock Company to graze its live stock upon the leased land during the entire time he has held a lease thereon, and that such use will continue if he obtains a new lease, and that said company owns the improvements upon the land; that he has never personally occupied the land, and that the Van Tassell Company has always paid the rental on the lease; that Zerbe is trying to make a living partially by the use of the lease and needs the land for his 75 head of cattle. The appeal from the land board came on for trial before the court without a jury. It was shown that Kerrigan never saw the land sought to be leased; that he owns no live stock and has no use for it personally; that he owns no land adjoining the leased land. It further was shown that Zerbe owns land adjoining the school section in controversy here; that he owns about 75 head of live stock and has need for the lease. At the conclusion of the trial, the court reversed the action of the state land board and held that Kerrigan was entitled to a lease of the whole of the section involved herein. From a judgment to that effect Zerbe has appealed to this court. The trial court evidently agreed with the contention of counsel for respondent herein, that Kerrigan, as the old lessee, was entitled to a preference right of renewal under the provisions of Section 91-113, Rev. St. 1931, and that the State Board of Land Commissioners had no discretion in denying that right. That is the only point involved herein. The trial judge in this case is not only learned in the law, but he also is thoroughly familiar with the agricultural and economic conditions and needs in this state, and we have, therefore, given the

point involved herein the most painstaking investigation.

The land in controversy herein is school land, and the decision herein is limited to and affects such land only. Section 5 of the Act of Admission provides that lands granted to the state for educational purposes "may, under such regulations as the legislature shall prescribe, be leased for periods of not more than five years in quantities not exceeding one section to any one person or company." The lands thus granted were accepted by Section 1 of Article 18 of the Constitution with the conditions and limitations imposed by Congress. By an act of Congress approved February 15, 1934, the period for which the land may be leased was extended from five to ten years. This act of Congress was ratified by Chapter 34, Session Laws of 1935 of this state. Section 91-109, Rev. St. 1931, provides that "no person shall be qualified to lease state lands except one who is the head of a family, unless he or she has attained the age of 21 years (we pass by the obscurity of the sentence) ; that a corporation must be qualified under the laws of this state; that no person or corporation shall be entitled to lease more than one section of school lands, or more than four sections of institutional land, or one section of school land and three sections of institutional land, or a total of more than 2500 acres. The main section of the statute involved herein is Section 91-113, Rev. St. 1931, which, accordingly, we shall quote in full:

"The board shall lease all state lands in such manner and to such parties as shall inure to the greatest benefit and secure the greatest revenue to the state. Except as herein provided, preference shall in all cases be given to applicants who are bona fide resident citizens of the state and to firms, associations, or corporations authorized to transact business in the state, having actual and necessary use for the land and holding title to lands in the vicinity of the land applied for, who

offer to pay the highest annual rental for the use of the land for a term of five years; provided, that an applicant who is the holder of an expiring lease, and has paid the rental when due, and has not violated the provisions of the lease, and is qualified under the provisions of § 91-109, shall have the right over and above all others to lease the lands covered by the expiring lease, to the extent that he may take the lease at the highest annual rental offered by any other applicant; provided, that should the highest rental offer received be unreasonably excessive and clearly out of proportion to rentals paid for lands of similar kind and character the board shall fix the rental at which the old lessee may take the lease, upon a fair and reasonable basis within the minimum and maximum limits of appraised rental values as provided in Sec. 91-108."

The question of a preferential right to a lease of state lands has been before this court several times. State ex rel. v. Board, 20 Wyo. 162, 122 Pac. 94; Mercer v. Thorley, 48 Wyo. 141, 43 P. (2d) 692; Wyodak Chemical Co. v. Land Commissioners, 51 Wyo. 265, 65 P. (2d) 1103. In all of these cases we held that the preferential right granted by statute is not, and could not, be absolute, but is qualified. We have no reason to depart from that ruling. It is supported by the cases from Arizona and New Mexico—Campbell v. Cattle Co., 24 Ariz. 620, 212 Pac. 381; Boice v. Campbell, 30 Ariz. 424, 248 Pac. 34; Manning v. Perry, 48 Ariz. 425, 62 P. (2d) 693; State v. Veseley, 40 N. M. 19, 52 P. (2d) 1090. In Mercer v. Thorley, supra, the facts warranting the court in overruling the action of the board were not considered. We, however, to some extent, and cautiously, treated the constitutionality of the preference right granted under the statute, and we held that in view of the arguments made, and in view of the fact that the point had not been raised in the trial court, we could not hold the law unconstitutional. We stated in that case:

"In the face of it (the statute), in any event, the

right of renewal therein given is not absolute but conditional. It is given only 'over all others.' The state is not compelled to lease the land at least if it acts in good faith. It may sell it at any time. Section 91-501. And it could no doubt withhold a renewal if it desires to use the land itself. A number of other conditions are named in the statute * * *. Counsel have failed to point out wherein the statute gives an absolute right of renewal notwithstanding the conditions which apparently are attached, as above noted, and hesitant as courts are to declare a statute unconstitutional, we would not ordinarily at least want to seek out reasons of our own. This is true especially in view of the apparent purpose of the clause that no lease shall be made for more than five years. We have not been able to conjecture any reasons other than that the state may be able to sell the land without being subject to any lease, and that the rentals may be adjusted from time to time, so as to insure the best interests of the public. If there are other reasons, they have not been suggested."

Counsel for the respondent, apparently seizing upon some of the language here used, maintains that the statute giving preference right to the old lessee means that if the state does not desire to sell the land or use the land itself, the old lessee is entitled to a renewal of his lease. We do not think that the conclusion thus drawn follows from what we said in the Mercer case. We were not called upon in that case, as the opinion therein clearly shows, to determine the full scope and meaning of the provisions giving a preference right, but whether or not the facts called to our attention rendered the provision in conflict with the grant and the acceptance thereof. We hesitated to so hold because of the meagerness of the arguments made. We stated that one of the things indicating the validity of the provision—in other words, that the preference right given is not absolute—is the fact that the state need not lease the land, but may sell it or use it. We also stated that a number of other conditions are named in

the statute, without considering these other conditions in detail. There was nothing in the arguments in that case which called for such detailed consideration, and there is scarcely any doubt that at least some of the conditions attached to the preference right contained in the laws now and then in force, as pointed out in the Mercer case, are on their face somewhat different from those specifically considered in State ex rel. v. Board, supra. The arguments made in the instant case call for a closer investigation of the meaning of the statute, and call for the determination of the very claim asserted to be correct by counsel for the respondent. We must, accordingly, proceed along that line. And in this connection we must not overlook the Wyodak Chemical Company case, supra, wherein we mentioned the Arizona and New Mexico cases, supra, which had not been called to our attention in the case of Mercer v. Thorley. The right of preference was considered at length in the Wyodak Chemical Company case. To guard against misapprehension, however, we should mention the fact that the statutory preference considered in that case is narrower and not as specific as the statutory preference under section 91-113, under consideration here, so that the conclusions in that case do not necessarily all apply in a case like that at bar. Notwithstanding the difference, the case has paved the way for a better understanding of the immediate question before us. And the facts in this case have further enlightened us as to the proper conclusion which should be reached herein, without in any way contradicting anything which has been said on the subject previously.

The key lies in the construction of the provisions of section 91-113, R. S. 1931. Its origin is about as follows: The first sentence of the section, to the effect that the board shall lease state lands for the greatest benefit and to secure the greatest revenue to the state, was enacted in 1890-91 and was contained in Section

813 of the Statutes of 1899. Section 815 of that statute
provided for renewals of leases in cases in which the
lessee had reclaimed the land by irrigation, but no
right of renewal was given in other cases. That right
was first sought to be given in all cases by Section 16
of Chapter 78 of the Session Laws of 1903, embodied
in the compilation of 1910 as Section 613. That provi-
sion was the one under consideration in the case of
State ex rel. v. Board, 20 Wyo. 162, 122 Pac. 94, and
was held to be too broad, and in violation of the Act
of Admission and the Constitution. The provision per-
mitted the board to sell the land after the expiration
of any lease, but neither that provision nor the provi-
sion contained in Section 813 of the Statutes of 1899—
the first sentence of Section 91-113, supra—was con-
sidered or attempted to be construed in conjunction.
In the meantime the legislature perhaps had changed
its mind, or had modified its opinion, for, though not
referring to the right of renewal given by Section 16
of Chapter 78 of the Session Laws of 1903, it passed
chapter 70 of the Session Laws of 1909, embodying
therein the first sentence of Section 91-113, supra, and
the further provision that "preference shall in all cases
be given to * * * resident citizens and tax payers * * *
who hold title to lands upon which they reside nearest
to the state or school lands applied for." In other
words, the provisions were substantially those of the
first and second sentences of Section 91-113 supra,
except the proviso contained in the latter section and
without employing the phrase "except as herein pro-
vided." The court in State ex rel. v. Board, supra,
might well have considered this section, as well as the
other matters hereinbefore mentioned, together, and
might well have determined the meaning thereof, but
it preferred to pass upon the constitutionality of the
act of 1903 as above mentioned, so that the determina-
tion of the full meaning of the legislative provision for

a preference right in the old lessee of agricultural school land is actually now before us for the first time. The legislature did not again attempt to give a preference right to the old lessee until 1929, when it enacted Section 13 of Chapter 108 of the Session Laws of that year, which, with slight variance, is the same as Section 91-113, supra. In construing that section we must, if possible, give effect to every part thereof. 59 C. J. 995.

The section contains the general clause to the effect that preference shall in all cases be given to bona fide residents of the state having actual and necessary use for the land and holding title to land in the vicinity of the land sought to be leased. That is a broad provision, but is not unqualified. It is preceded by the words "except as herein provided." To what do these words refer? Partially at least to the proviso, which is part of the same sentence, and which gives a right of renewal to the old lessee. That right, as contained in this proviso, is subject at least to three conditions, namely, (1) the state may sell the land or use it itself, at least if bona fide, and, perhaps, refuse to lease it for any other good reason; (2) the old lessee must be willing to meet the new rental to which reference is made, and (3) the old lessee must still be qualified at the time of the renewal as provided by section 91-109. The third of these conditions might or might not be of importance at the time of renewal, depending upon the facts. Still, it is made one of the conditions. If these three conditions were the only conditions precedent to the right of renewal, we should then be called on to determine whether the right so given would be inconsistent with the grant and the acceptance thereof. A fair question would then be presented as to whether or not a lease subject to all the foregoing conditions is equivalent to a lease containing a covenant of renewal, so as to make the right to such renewal absolute, par-

ticularly when we consider the probable intention of Congress in fixing the limitation already mentioned, contained in section 5 of the Act of Admission. The case of State ex rel. v. Board, supra, would seem not to be altogether controlling, since the court in that case, at least so far as the decision shows, merely considered the second of the foregoing conditions. However, we need not determine these matters herein, and we shall proceed to consider other parts of the statute. It may be noted that the exception clause reads "except as *herein* provided." If it had read "except as *hereinafter* provided," it might then well be contended that the clause refers only to the proviso which follows in the same sentence. See opinion of Justice Brickley in State v. Veseley, supra. But that is not the case. We are not, accordingly, justified in so limiting it, but must still consider the first sentence of Section 91-113, supra, which states that the board shall lease all state lands in such manner and to such parties as shall inure to the greatest benefit and secure the greatest revenue to the state, and we must, if we can, give effect to that provision. The sentence is without exception and without proviso. Sufficient effect is given to the provision that the greatest revenue shall be secured to the state by the provision of the proviso above mentioned, in that the old lessee must meet the highest bid for the lease. But how does that proviso give effect to the further provision that the lease shall inure to the greatest benefit to the state? The phrase "the greatest benefit to the state" would ordinarily, of course, include the greatest revenue to the state. The greater includes the less. State v. Veseley, supra; Manning v. Perry, supra. But the legislature has made the "greatest benefit" a factor distinct from that of the "greatest revenue," and must in that sense be given effect, if possible. It is, however, not given effect in the proviso above mentioned. To be given effect then, it must be con-

strued in conjunction with the proviso and harmonized therewith, and that can be done, and can only be done, by reading into the proviso the further and fourth condition that the renewal lease is for the greatest benefit to the state in the sense above mentioned. So construed, the right of renewal cannot, of course, be held to be inconsistent with the grant and the acceptance thereof.

The right of renewal, then, depends, as stated, partially on the fact whether the renewal lease is for the greatest benefit to the state in the sense already indicated. The legislature has not attempted to define the term, except that it has clearly stated that it is something over and above the "greatest revenue." Nor shall we attempt a definition. It refers, probably, to the general benefit to the state and the people thereof. We realize that such term is elastic, and that if it is to be applied at the mere discretion of the board, the provision for the right of renewal may become a "scrap of paper." But we think that the legislature has in this instance distinctly limited or regulated the board's discretion. It must take into consideration the right given by the statute. Wyodak Chemical Co. v. Land Commissioners, supra, and cases cited. The right to preference is a *very substantial* right. Manning v. Perry, supra. The statute clearly shows that the legislature meant to make it the policy of the state to recognize equities in those who have built up a ranching business in the state which should be considered in passing upon applications for renewal of expiring leases, and that the absence of such policy would be injurious if not destructive to that industry. Veseley v. State, supra; Manning v. Perry, supra. The commissioner and the board must give effect to that policy. If such general benefit is equal in the case of two or more applicants to the land, the right of renewal which one of them may have must prevail. We think that in order that the board would be warranted in rejecting the right

of renewal, it should reasonably clearly appear that it is for the general benefit to the state and its people to do so. Thus only can the provisions of the statute be harmonized. Whether or not the board has observed this rule can, of course, be determined only as individual cases arise.

Turning, then, to the facts in the present case, we find that the respondent herein lives in Cheyenne, has no land in the vicinity of the land herein sought under a lease and never has had, that he has no livestock, has no personal interest in the lease at all, and has no need for it. The appellant, on the other hand, lives in Niobrara County, owns land adjoining the leased land; he has live stock and needs the land. It is apparent, we think, that the board was fully justified in holding that it is clearly for the best interests of the state and its people to lease the land to appellant. We regret, accordingly, that we must differ with the trial court, and its judgment must be reversed, with direction to confirm the action of the State Board of Land Commissioners. We might add that, perhaps, the real question in a case like that at bar is, whether the person who takes a lease for the benefit of another should not be considered as the agent, making his qualification to take the lease wholly immaterial, and that, accordingly, the inquiry should be directed as to the qualification of the principal. The case was not, however, tried on the theory, and what we have stated is but a suggestion.

*Reversed, with direction.*

RINER and KIMBALL, JJ., concur.