[Civil No. 4240.   Filed November 12, 1940.]

[107 Pac. (2d) 210.]

MRS. NELLIE EHLE, Appellant, v. TENNEY TRADING COMPANY, a Corporation, Appellee.

Mr. Stephen B. Rayburn, for Appellant.

Messrs. Patterson & Eastvold and Mr. Yale McFate, for Appellee.

ROSS, C. J.—The appellant herein Nellie Ehle, and the appellee, Tenney Trading Company, a domestic corporation, both applied, in November of 1937, to the State Land Department for a lease of Section 21, Township 14 North, Range 4 West, Yavapai County, Arizona. Ehle's was an original application. The company's application was to have its lease of said section renewed for another five-year term. The land department, through its commissioner, awarded a lease of the E½ and SE¼SW¼ of such section to Ehle, and the rest of the section to the company. On appeal by the company to the land department from the commissioner's decision, the latter's holding was approved and confirmed. Thereafter the company took the matter into the Superior Court of Yavapai County, where it was tried by the court *de novo* and decided in favor of the company and against Ehle. From such decision the latter has appealed to this court.

■■ One of the findings of the trial court was as follows:

" . . . that the said decision of the State Land Department of the State of Arizona is without support of the evidence, is contrary to the evidence, is the result of misapplication of the law to the facts shown by the evidence, and constitutes an abuse of discretion of said Department, and said decision should be reversed, and said lease should be issued to appellant (Tenney Trading Company)."

If this finding is supported by the evidence, the decision of the court should not be disturbed. While the trial court tries lease cases *de novo*, in *Manning* v. *Perry*, 48 Ariz. 425, 62 Pac. (2d) 693, we declared the rule to be that the decision of the land department should be accepted by the court, unless unsupported by or contrary to the evidence, or the result of fraud, or misapplication of the law, and we think that rule

should be adhered to. The question, then, is, Does the record support the court's finding?

Section 21 has been a part of a grazing unit for a great number of years. In 1930 N. O. Tenney took over this grazing unit from its previous owner by purchase of several quarter sections of patented land and assignments of leases of state land, including Section 21, and he and the present appellee (whose stock he owns) have held the lease of Section 21 continuously since and have at no time defaulted in the payment of the stipulated rental. Appellee and its predecessor in interest acquired such unit of grazing land for a goat ranch and immediately moved thereon some 2,000 head of goats, and ever since such section has been used as a part of appellee's grazing range. When appellee acquired such range, or soon thereafter, it added four strands of barbed wire to the fence then enclosing it, so that it had an eight strand barbed-wire fence. Appellee constructed a tank to impound rain water on said section and otherwise improved it and other portions of its lands and possessions for the successful operation of a goat ranch. Its herds were increased to 2,500 head, which, together with the lands owned and leased from the state, are estimated to be of the value of $20,000.

The appellant, a widow, with her then husband, settled on the SE¼ of Section 28 in said township and range in 1907, and thereafter her husband received a patent for such quarter section from the United States. In 1914 she and her husband were divorced and this quarter section passed one-half to her and one-half to their children. Appellant has made this place her home all the years. She has a lease from the state of the W½ of Section 28. The NE¼ of such section is owned by a man by the name of Delke.

In asking to lease Section 21 from the state, appellant seeks to enlarge her grazing area for a small herd

of cattle she owns, in number about 125. She has never used said section heretofore for grazing purposes and her application now is an original one. She has no improvements thereon and has never had, and if she is given the lease appellee's range would be divided and reduced in value as a grazing unit.

██ Appellant contends she has a preferential right to the lease on the ground that her homestead is contiguous to it. Section 2965, Revised Code of 1928, gives to any person residing upon land contiguous to that he seeks to lease a preferred right, providing his residence is on a homestead entry or a patented homestead. The SE¼ of Section 28 is not contiguous to the E½ and the SE¼SW¼ of Section 21. There is the Delke quarter section, which is fenced, between these two subdivisions. In other words, there is a half mile of patented land between appellant's homestead and the land sought to be leased by her. It does not seem the facts are such as to entitle the appellant to a preferred right under Section 2965, *supra*. Webster defines *contiguous* as "In actual contact; touching; also, near, though not in contact; neighboring; adjoining; near in succession." We think the word as used in Section 2965 means actual contact or touching. That is the common, ordinary and approved meaning of the word and under our statute is the one we should give it. Section 3040, Id.

██ Appellant also contends that in equity she should have a preferred right to the lease, whereas the appellee insists that not only the equities are in its favor but that the statute, Section 2972, gives it a preferred right. That section unquestionably gives a lessee of state land, who applies within the time fixed therein for a renewal, if he is a *bona fide* resident of the state "a preferred right of renewal" when the land commissioner deems the longer leasing to be for the best interests of the state. This preferred right means

that the applicant for a renewal has a better or superior right to the lease than a person making an original application. *Campbell* v. *Muleshoe Cattle Co.,* 24 Ariz. 620, 212 Pac. 381; *Manning* v. *Perry, supra.* This right is a valuable, substantial right. As was said by the supreme court of Wyoming in *Kerrigan* v. *Miller,* 53 Wyo. 441, 84 Pac. (2d) 724, 729, in discussing the preferential right of renewal:

" . . . The statute clearly shows that the legislature meant to make it the policy of the state to recognize equities in those who have built up a ranching business in the state which should be considered in passing upon applications for renewal of expiring leases, and that the absence of such policy would be injurious if not destructive to that industry. *Vesely* v. *State, supra; Manning* v. *Perry, supra.* The commissioner and the board must give effect to that policy. If such general benefit is equal in the case of two or more applicants to the land, the right of renewal which one of them may have must prevail. We think that in order that the board would be warranted in rejecting the right of renewal, it should reasonably clearly appear that it is for the general benefit to the state and its people to do so. Thus only can the provisions of the statute be harmonized. Whether or not the board has observed this rule can, of course, be determined only as individual cases arise."

The evidence is that the grazing capacity of Section 21 is 18 to 20 head of cattle. If the lease be granted appellant, she could run only about 10 of her 125 head on it, and this would afford her very little relief, while according to the appellee's evidence it would practically destroy its goat range. Indeed, it appears that what appellant needs more than anything else is an outlet for her cattle to the unfenced and unleased public lands, and should she be given this lease it is not clear it would help her to reach such lands. It would give her grazing land for only about 10 head

of cattle. If it be granted that the equities balance, the appellee's preferential right turns the scales in its favor.

We think under the circumstances it is to the best interests of the state and the citizens thereof engaged in the livestock business that appellee have its lease renewed, and for that reason the judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.