390 P.2d 907

**A. E. WILLIAMS, Appellant,**

**v.**

**Arthur H. GREENE, Jr., Appellee.**

No. 6993.

Supreme Court of Arizona.

En Banc.

April 9, 1964.

Evans, Kitchel & Jenckes, by Alfred B. Carr, Phoenix, for appellant.

Mangum & Christensen, Flagstaff, for appellee.

PORTER MURRY, Superior Court Judge.

A. E. Williams hereinafter called Plaintiff and Arthur H. Greene, Jr., hereinafter called Defendant both made application to the State Land Department for a commercial lease on state land described as Section 32, Township 42 North, Range 8 East in Coconino County, Arizona, being

all of a short section containing 491.20 acres. On and prior to April 4, 1956, Defendant had a grazing lease on all of said section. On that date Plaintiff made application for reclassification of the land from grazing to commercial and in connection therewith made application for a commercial lease on all the land. On April 9, 1956, Defendant also made an application for a commercial lease on all of said section.

On March 27, 1958, the State Land Commissioner reclassified the land in question as commercial. This order has not been appealed and is not in question in the case at hand. There being a conflict between the two applications for a commercial lease, the Commissioner set the matter for a hearing, held on July 11, 1958.

Plaintiff in his statement of equities, filed with the Commissioner, described in detail the proposed location of the improvements, the acreage required, the class of improvements to be made and the estimated costs. The type of business proposed was "Commercial, including accommodations, garage facilities, Machine Shop, General Store, Motel-Lodge—Service Station—Gen. Store —Tavern." Plaintiff further stated that he would relinquish any claim he might have to the land, except Lots 3 and 4, and N ½ N ½ SW ¼ of said Section 32, containing 125.42 acres, provided he be given a commercial lease on the 125.42 acres.

He raised no objection to Defendant securing a commercial lease on the balance of the section containing 365.78 acres. His contention is that no one applicant is entitled to a *commercial lease* on all the land in the section involved.

Defendant in his application proposed to operate on the land, "Service Station, cabins for motel, Restaurant, Bar, Living Quarters, General Store." No statement was made as to acreage required, location of improvements or their cost. In a motion to dismiss filed by Defendant he relied solely on the "preferred right to lease the reclassified land" given by A.R.S. § 37–290.

The Commissioner after conducting a hearing, at which time both parties introduced evidence in support of their position, rejected Plaintiff's application and approved Defendant's. From this order Plaintiff appealed to the Superior Court without a jury in a Trial de Novo.

Evidence was presented at the trial establishing, without contradiction, the following facts: The land in question is a short section containing 491.20 acres, located north and east of the Glen Canyon Dam on the State and Federal highway between Page, Arizona, and Kanab, Utah. The north edge of the section borders on the Utah state line and is completely surrounded by Federal land withdrawn for reclamation purposes, on which water has

been located. Section 32 is within the area of the Colorado River Storage Project and Participating Projects where plans are being prepared for boating, fishing and other recreational activity. There are no first class accommodations for the public in the entire area from Cameron, Arizona to Kanab, Utah, and they are greatly needed.

Plaintiff presented the same evidence that he had relied upon at the hearing before the State Land Commissioner. He showed that the 125.42 acres he sought were ample for his proposed motel development, including the motel and all necessary facilities to make it a year round resort. He also showed that there is room on the 491.-20 acres of the section for a number of commercial developments.

Defendant introduced into evidence a sketch and testimony showing a proposed country club and golf course, with residential lots around and through the golf course and business sites on the outskirts, covering the entire 491.20 acres. Defendant's plan of operation is to lease the home sites, but he did not specify whether he would lease the bare lots or construct houses thereon. Plaintiff is a resident of Utah and Defendant of Arizona.

Upon these facts the Superior Court of Coconino County entered a judgment in favor of Defendant and against Plaintiff affirming the order of the Commissioner of the State Land Department. This appeal followed.

Although Plaintiff has cited ten assignments of error supported by seven propositions of law, the case may be determined by answering one question. Did the Commissioner's order, later affirmed by the lower court, granting a commercial lease on all of this particular short section to one applicant consider the best interests of the State of Arizona and its people?

■ The controlling factor in granting a lease of state land to anyone must be the best interest of the state and the general benefit to its residents. Indeed, common sense could not dictate otherwise. The statutes, the regulations of the State Land Department and the decisions of this Court are all in accord with this view. A.R.S. § 37–102 ¶ C; § 37–212 ¶ C; § 37–291 ¶ B; § 37–321 ¶ A; Ehle v. Tenney Trading Company, 56 Ariz. 241, 107 P.2d 210; Manning v. Perry, 48 Ariz. 425, 62 P.2d 693.

It is Defendant's contention that since he had a prior lease on the property, and since he is a resident of Arizona and the Plaintiff is not he has a preferred right to lease all of the reclassified lands. He also contends that the interests of the State of Arizona are adequately protected by statutes providing for leasing at appraised value and re-appraisals and that the rental value would be the same in any case.

In Ehle v. Tenney Trading Company, supra, 56 Ariz. at page 245, 107 P.2d at page 212 this Court said:

> "* * * That section [A.R.S. § 37–291] unquestionably gives a lessee of state land, who applies within the time fixed therein for a renewal, if he is a *bonafide* resident of the state 'a preferred right of renewal'.
>
> *     *     *     *     *     *
>
> "'* * * The statute clearly shows that the legislature meant to make it the policy of the state to recognize equities in those who have built up a *ranching* business in the state which should be considered in passing upon applications for renewals of expiring leases, and that the absence of such policy would be injurious if not destructive to that industry. * * * If such general benefit is equal in the case of two or more applicants to the land, the right of renewal which one of them may have must prevail. We think that in order that the board would be warranted in rejecting the right of renewal, it should reasonably clearly appear that it is for the general benefit to the state, and its people to do so. Thus only can the provisions of the statute be harmonized.'" [Kerrigan v. Miller, 53 Wyo. 441, 84 P.2d 724, 729] (Emphasis supplied.)

■ From the above case it will be noted that the statutory right of renewal is considered only in connection with the determination of the relative rights and equities of the opposing applicants, and that the best interests of the state are paramount.

In State ex rel. McElroy v. Vesely, 40 N.M. 19, 52 P.2d 1090, 1092, the Court in construing a statute similar to ours said:

> "We do not hold that relator [applicant for renewal] has not equities that should be considered by the Commissioner of Public Lands in exercising his judgment as to whether he will renew such leases. *The interest of the state is of course to be first considered; but this does not have reference entirely to the amount of rental the state receives from its grazing lands. Its financial interest is inseparable from the great livestock industry of the state and the financial welfare of those engaged in this business."* (Emphasis supplied.)

■ Manning v. Perry, supra, later affirmed in Ehle v. Tenney Trading Company, supra, established the rule of law that the Superior Court, on an appeal from a final decision of the Commissioner of the State Land Department, tries the case de novo, and is not required to accept the de-

cision of the Commissioner if it is not supported by the evidence, if it is contrary to the evidence, or if it is the result of misapplication of the law.

The question then is, does the record support the Court's finding?

The germane Findings and Order of the Commissioner are as follows:

"IV. Both applicants are eligible to hold a commercial lease on state land.

"V. Arthur H. Greene, Jr. by virtue of his having a grazing lease on the land in this conflict at the time of reclassification, has a preferential right to a commercial lease under provisions of section 37–290 A.R.S., and no other preferences have been established."

It is obvious from the findings of the Commissioner that the best interests of the state were not considered by him in making his ruling but that he based his order upon preference right established by the Defendant.

In compliance with A.R.S. § 37–134, subd. C requiring independent findings of fact and conclusions of law, the lower court found: (1) Defendant had a grazing lease; (2) pursuant to Plaintiff's application the lands were re-classified, and Plaintiff made application for a commercial lease; (3) Defendant made application for a commercial lease; (4) the lands were re-classified to commercial; (5) the commissioner set the conflicting application for hearing; (6) the hearing was had by the commissioner; (7) the commissioner granted Defendant's application; and (8) Defendant qualified to hold the lease. None of these facts were disputed and none touched upon the vital question: What action would best serve the interests of the State and its people?

The only conclusions of law which are supported by the findings of fact are conclusions of law (I) that Defendant had a preferred right as a prior lessee under A.R.S. § 37–290, and (II) that Defendant is qualified to lease the lands in dispute on a commercial basis. When findings of fact and conclusions of law are required, it is mandatory that the trial court find not part but *all* of the essential facts. Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603. This was not done in the instant case.

It is apparent from the record that the commissioner did not consider the best interest of the State but felt bound by the Defendant's preferential right to the lease. It also appears that the trial court gave undue consideration to the rental value of the property. Starting with the premise that in leasing State land the benefits to be received by the State and its people are of

primary importance, there are many factors to be considered in addition to the rental value. Manning v. Perry, supra. This is particularly so where the land to be leased has been re-classified.

In the case at hand should more than one commercial lease be granted? Should both be rejected and a lease or a portion thereof be put up for bids? The financial interests of the State are inseparable from the full development and use of lands re-classified from grazing to commercial, suitable for residential or business purposes.

In view of the above we feel that the judgment must be reversed and the case sent back to the trial court for more specific findings, there to be based upon evidence already presented or the taking of such additional testimony as may be deemed advisable by the trial court. Fritts v. Ericson, 87 Ariz. 227, 349 P.2d 1107.

Reversed with directions.

LOCKWOOD, V. C. J., and STRUCK-MEYER, BERNSTEIN and JENNINGS, JJ., concurring.

NOTE: Chief Justice JESSE A. UDALL, having disqualified himself, the Honorable PORTER MURRY, Judge of the Superior Court of Greenlee County, Arizona, was called to sit in his stead and participate in the determination of this appeal.