PER CURIAM.
By this appeal, we are called upon to review the propriety of a final summary judgment, determining a resolution of the appellant-City granting a conditional use for an off-street parking lot to the appellant-Bank was, in effect, void because it is beyond the authority in the City Commission to grant same.
*806 The lot in question is located in a single family use district. The zoning ordinance of the City of Miami permits, as a conditional use, open parking lots as follows:
“(6) (c) Open parking lots for the parking of self-propelled passenger vehicles of customers, clients, patrons, visitors, owners, or employees of business uses permissible in R-C, C-l, C-2, C-3, C-4, or C-5 Districts, where such lot is contiguous to such commercial zoned area or is separated therefrom by an alley, arranged, maintained, and used in accordance with the requirements set forth in Article XXIII, Sec. 8(2), (ORD. 7005).” [emphasis added]
The lot in question is neither contiguous to a commercial area nor is it separated therefrom by an alley; it is, in fact, surrounded by lots zoned single family on its east, south and west. The lot in question faces north and is bounded on the north by a through street. The lot in question not meeting the conditions of the enabling ordinance, the legislative body of the City was without the power to grant the conditional use.
The appellants argue that “contiguous” does not mean that the parcel involved must touch the commercial area or the alley. This is contrary to the ordinary definition of the word “contiguous”. See: Webster’s New International Dictionary, Second Edition, Unabridged,[1] and the following zoning decisions, wherein it has been determined to mean “touching an adjoining parcel”: Ehle v. Tenney Trading Co., 56 Ariz. 241, 107 P.2d 210; Spaulding School District No. 58 v. City of Waukegan, 18 Ill.2d 526, 165 N.E.2d 283; Harvey Construction Co. v. Parmele, 253 Iowa 731, 113 N.W.2d 760; Roy F. Stamm Electric Co. v. Hamilton-Brown Shoe Co., 350 Mo. 1178, 171 S.W.2d 580; Lien v. Northwestern Engineering Co., 73 S.D. 84, 39 N.W.2d 483; Williams Electric Cooperative v. Montana-Dakota Utilities Co., S.Ct. N.D.1956, 79 N.W.2d 508.
The appellants also urge that because the lot in question is separated from commercial zoning by one intervening single family lot immediately on the west, which is already used as a parking lot, the lot in question together with the adjoining lot constitute one tract, they being owned by the same entity; that “tract” is synonymous with “lot” and therefore the lot in question is entitled to the conditional use and meets the test of the ordinance. We do not agree. “Lot” and “tract” are not synonymous. Johnson v. Benbow, 93 Fla. 124, 111 So. 504.
Therefore, for the reasons herein stated, the final summary judgment here under review be and the same is hereby affirmed.
Affirmed.

. “Contiguous * * *
“1. In actual contact; touching; also, near though not in contact; neighboring; adjoining; near in succession.”