745 P.2d 947

**Reid EWING, Petitioner,**

**and**

**Monterey Development Company, Intervenor,**

**v.**

**STATE of Arizona; Hon. Evan Mecham, Governor of the State of Arizona; State Land Department of the State of Arizona; M.J. Hassell, State Land Commissioner; W.J. Fish, Hearing Officer Before the State Land Commissioner, Respondents,**

**and**

**Forest City Scottsdale Company, Intervenor.**

**No. CV 87–0230–SA.**

Supreme Court of Arizona, In Banc.

Sept. 24, 1987.

Rehearing Denied Nov. 17, 1987.

Robert K. Corbin, Atty. Gen. by Melinda L. Garrahan and Susan Ward Harris, Asst. Attys. Gen., Phoenix, for respondents.

James F. Polese, McCabe & Pietzsch, P.A. by Peter C. Warner, Phoenix, for petitioner.

Meyer, Hendricks, Victor, Osborn & Maledon, P.A. by Andrew D. Hurwitz, Phoenix, for intervenor Forest City Scottsdale Co.

Treon, Strick, Lucia & Aguirre by Anthony R. Lucia and Teri L. Kessel, Phoenix, for intervenor Monterey Development Co.

Gammage & Burham by Grady Gammage, Jr., Curtis Ullman, and Karen L. Schroeder, Phoenix, for amicus curiae Northeast Phoenix Partners.

DeConcini, McDonald, Brammer, Yetwin, Lacy & Zimmerman by Kenneth C. Sundlof, Jr., Phoenix, for amicus curiae Greater Phoenix Educ. Management Consortium.

CAMERON, Justice.

## I.

This is a petition for special action filed by Reid Ewing and Monterey Development Company challenging the denial of petitioner's protest to an auction of a 65–year commercial lease of state trust lands. We have jurisdiction pursuant to A.R.S. § 37–301(C).

## II.

We must answer two questions:

1. Does the preferred right to lease granted by A.R.S. § 37–335(C) constitute an encumbrance prohibited by the Enabling Act and the Arizona Constitution?

2. Does a statutory preference have a chilling effect on the bidding process which prevents the highest and best bid for the lease?

## III.

The facts necessary for determination of this matter are as follows. On 19 June 1984, the Arizona State Land Department leased 320 acres of state trust lands in north Scottsdale to Richard V. Campana. On 12 March 1985, the Department approved Campana's application to assign the lease to Forest City Scottsdale Company (FCSC). On 24 March 1986, the land commissioner reclassified the land pursuant to a comprehensive development plan adopted under the Urban Lands Development Act. See A.R.S. §§ 37–331 to –338. The plan provided for the zoning, development, sale and lease of over 1400 acres of land in north Scottsdale. Upon reclassifying the land, the commissioner cancelled the existing leases as provided by A.R.S. § 37–335(C). The commissioner issued a notice for auction which included 143 acres formerly leased by FCSC which, by virtue of A.R.S. § 37–335(C), had a preference in bidding.

Before the auction was held petitioner filed a protest of the auction pursuant to A.R.S. § 37–301(A). The protest was denied by the commissioner. Petitioner then filed a motion for rehearing. An evidentiary hearing on his allegations was granted and evidence was presented by both sides. The hearing officer in a lengthy memorandum found that the preference provided by statute did not have a chilling effect on the bidding and upheld the validity of A.R.S. § 37–335(C).

Petitioners filed a petition for special action in this court. Considering the importance of the matter, we announced our decision after oral argument on the petition with opinion to follow.

## IV. DOES THE PREFERENCE VIOLATE THE ENABLING ACT?

Section 28 of the New Mexico/Arizona Enabling Act of 1910, ch. 310, 36 Stat. 557 governs the administration of state trust lands and provides: "No mortgage or other encumbrance of the said lands, or any part thereof, shall be valid in favor of any person or for any purpose or in any circumstances whatsoever." The language was adopted by the Arizona Constitution, which also adopted the Enabling Act in its entirety. Ewing insists that the preferred right granted by A.R.S. § 37–335 violates this Enabling Act provision. The statute reads as follows:

**§ 37–335. Sale or lease of state lands for development.**

\* \* \* \* \* \*

C. Upon the cancellation of a lease due to a reclassification of state lands under subsection A of this section, the existing lessee shall have a preferred right to lease the reclassified land at a rental that is not less than the highest and best bid received by the commissioner for the reclassified lease at public

auction. If the existing lessee is not successful in obtaining the reclassified lease, or if the existing lessee chooses not to exercise the preferred right specified in this subsection, the existing lessee is eligible for compensation and reimbursement as provided in § 37–335.01. The preferred right described in this section is subject to the requirements of § 37–291, subsection B, and the preferred right shall expire after the commissioner receives the highest and best bid at public auction. If the commissioner determines that no bid will be accepted, the preferred right to lease the reclassified lease shall remain in effect, subject to any subsequent public auction. The preferred right is not transferrable, and can be exercised only by the existing lessee.

A.R.S. § 37–335(C).

Petitioner seeks to distinguish the preferred rights conferred by this statute from those in similar statutes which have been construed by the Arizona Supreme Court. *See Williams v. Green,* 95 Ariz. 378, 390 P.2d 907 (1964); *Boice v. Campbell,* 30 Ariz. 424, 248 P. 34 (1926); *Campbell v. Mutual Cattle Co.,* 24 Ariz. 620, 212 P. 381 (1923); *Campbell v. Caldwell,* 20 Ariz. 377, 181 P. 181 (1919). Those cases held that the statutory preference in lease renewal are simply equities to be considered and are not absolute or exclusive rights. Indeed, *Boice v. Campbell* is dispositive of the issue in this case.

In *Boice v. Campbell,* the court was called upon to determine whether a cattle lease gave a preferred right to renew to the occupant of a U.S. homestead adjoining the land to be leased or to an occupant under an existing lease. The court noted that:

> any limitation upon the disposition of public land provided in the Enabling Act is absolutely binding on the State of Arizona, unless the Congress of the United States may consent to a change, and any statute or amendment to the state Constitution in conflict therewith is null and void.

30 Ariz. at 428, 248 P. at 34, 35. The court further stated that if the right is to be construed as an enforceable interest in property, arising out of a contract, then a preferred right of renewal is a contractual interest in the land which the lessee may enforce at his option, subject only, as provided in the statute, to an increased rental, or the entire withdrawal of the land from lease. Such an interpretation would be in conflict with the Enabling Act. " 'The statutory obligation' to lease the premises, if leased at all, to the former lessee in our opinion is ... obnoxious to the Enabling Act and Constitution." *Id.* at 430, 248 P. at 36. The court then went on to state:

> If, on the other hand, we give to the words "preferred right of renewal" a construction which implies that it is discretionary with the land department as to which of several applicants, taking into consideration all the facts surrounding the matter, including, of course, the prior occupancy, is best entitled to the land, notwithstanding the prior occupant is asking for it, then the so-called "right" given is no right at all in the ordinary sense of the term, but merely a direction to the land department to regard as an equity in the case what it doubtless would have taken into consideration in the absence of the statute.

*Id.* at 430, 248 P. at 36. Although *Boice* construed a different statute, the two statutes are similar enough to make the *Boice* decision dispositive in this case.

Petitioner argues, however, that the legislature did not intend the term "preference right" in § 37–335(C) to be construed in the same manner as the preference right in § 37–290, the subject of *Boice.* We do not agree. The statute granting this preference right (A.R.S. § 37–335(C)) obviously used the very words "preferred right to lease" because of the previous judicial construction of the "preferred right of renewal" in A.R.S. § 37–290. In fact, § 37–335(B) specifically refers to § 37–290, the statute in *Boice.* We do not find that the statute is contrary to the Enabling Act.

## V. CHILLING EFFECT ON BIDDING

 The petitioner further contends that the statutory preference has a chilling effect on other bidders and thereby lowers the price contrary to the Enabling Act which requires that state trust lands:

> shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction ... notice of which public auction shall first have been duly given by advertisement,....

Enabling Act, § 28, para. 3.

Testimony was taken as to the possible chilling effect the statutory preference would have on the bidding and whether or not it prevented the auction from obtaining the highest and best bid for the lease. The hearing officer heard numerous witnesses and concluded that the statutory preference did not have a chilling effect on other bidders. We agree. In this case, a public auction was held and the state apparently received more than the appraised value of the property. A public auction which gives an existing lessee the right to match the highest bid at the auction and thus to be considered in the final determination of who is the "highest and best bidder" does not violate the Arizona Constitution or the Enabling Act.

Relief denied.

GORDON, C.J., and MOELLER and HAYS (Retired), JJ., concur.

NOTE: Justice WILLIAM A. HOLOHAN did not participate in the determination of this matter.

Justice JACK D.H. HAYS (retired) was called back to active duty pursuant to Ariz. Const. art. 6, § 20.

FELDMAN, Vice Chief Justice, concurring.

I fully concur in the opinion of the court but would add one point to part V.

The Enabling Act voids only sales and leases not made in "substantial conformity" with its dispositional requirements. *See* Arizona Enabling Act, § 28, Pub.L. No. 219, 36 Stat. 557 (1910). The primary question always is whether the state has fulfilled its trust duty to dispose of the land for at least its appraised value. *See County of Skamania v. State*, 102 Wash.2d 127, 134, 685 P.2d 576, 580 (1984); *Alamo Land & Cattle Co., Inc. v. Arizona*, 424 U.S. 295, 303, 96 S.Ct. 910, 916, 47 L.Ed.2d 1 (1976); *Lassen v. Arizona ex rel. Arizona Highway Department*, 385 U.S. 458, 87 S.Ct. 584, 17 L.Ed.2d 515 (1967). Thus, while the state has some discretion to regulate the auction procedure, it may not tamper with the substantive imperative forbidding sale for less than appraised value.

For this reason, I do not believe we need to resolve the hotly-debated point of whether the lessee's right to match the highest and best bid chills the bidding or encourages bidders to keep their bids high in order to prevent the lessee from exercising its match-up preference right.